[Crim. No. 753. Third Appellate District.—May 17, 1924.]

THE PEOPLE, Respondent, v. ED MATTOS, Appellant.

[1] CRIMINAL LAW—SALE OF INTOXICATING LIQUOR—OWNERSHIP OF PREMISES—POSSESSION OF LICENSE—EVIDENCE.—In a prosecution for the crime of selling intoxicating liquor, it having been shown that the purchase of the wine was made in front of the grocery-store owned by the defendant himself, and not by any agent or employee of his, and that the defendant owned the premises, it became utterly immaterial as to whether the defendant did or did not have a license for the conducting of any business at said premises. Had it been shown that the sale was made by some employee of the defendant, and it was sought to hold the defendant as principal, then the question of license and the ownership of the store and the conducting of the business would have been material and inquiries tending to elicit such testimony would have been both relevant and material.

[2] ID.—POSSESSION OF LICENSE—EVIDENCE—ERRONEOUS RULING—ABSENCE OF MISCARRIAGE OF JUSTICE.—In such prosecution, although the trial court should have sustained defendant's objection to the question as to whether he had or had not a license for the conducting of any business on the premises where the liquor was sold, the failure of the trial court to sustain such objection did not constitute reversible error where, as the case was presented, the guilt of the defendant in nowise depended upon whether he did or did not have a license, it being simply a question of making the sale of the liquor.

[3] ID.—NAME OF LICENSEE—EVIDENCE—ABSENCE OF OBJECTIONS—INSTRUCTIONS—ARGUMENT—WAIVER—APPEAL.—In such prosecution, the defendant is in no position to complain on appeal for the first time of testimony elicited from the defendant showing that a license had been issued in a name other than defendant's and of the district attorney's argument founded upon such testimony, where the questions and answers which brought out said testimony were not objected to and the argument of the district attorney based thereon was not objected to, the court not having been requested to charge the jury in relation thereto, and no motion having been made to strike out the testimony that the license referred to was issued to a man by a certain name which was different from that of defendant's.

2. See 8 Cal. Jur. 615; 2 R. C. L. 247.
3. See 8 Cal. Jur. 240; 2 R. C. L. 69.

[4] ID.—POSSESSION OF LIQUOR—ERRONEOUS INSTRUCTION—ABSENCE OF PREJUDICE.—In such prosecution, an instruction that "After February 1, 1920, the possession of liquors by any person not legally permitted under this title to possess liquor shall be *prima facie* evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished or otherwise disposed of in violation of the provisions of this title, and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed and used," should not have been given, as it was erroneous; but the giving of such instruction was in nowise instrumental in bringing about a miscarriage of justice as it had no application to any fact tendered for the consideration of the jury and could not have been considered by them or applied to any of the facts in the case in arriving at a verdict.

[5] ID.—SENTENCE.—In such prosecution, the contention of defendant that the trial court erred in pronouncing judgment of imprisonment in the county jail and that the defendant should have been given the right to escape a jail sentence by the payment of a fine, is untenable.

---

(1) 33 C. J., p. 749, sec. 487, p. 781, sec. 536.  (2) 33 C. J., p. 801, sec. 560.  (3) 33 C. J., p. 801, sec. 559.  (4) 33 C. J., p. 743, sec. 479, p. 791, sec. 547, p. 801, sec. 560.  (5) 33 C. J., p. 798, sec. 554.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. John F. Pullen, Judge. Affirmed.

The facts are stated in the opinion of the court.

Clifford A. Russell for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was convicted of the offense of selling intoxicating liquor, contrary to the laws of the state of California, upon an information charging the commission of such offense at a certain building or house situated at 2030 Third Street in the city of Sacramento, county of Sacramento, state of California. The defendant's

---

4. Constitutionality of statute making possession of intoxicating liquors *prima facie* evidence of intent to violate the law against illegal sales, note, 1 L. R. A. (N. S.) 626. See, also, 8 Cal. Jur. 628; 15 R. C. L. 399.

5. See 14 Cal. Jur. 572.

motion for a new trial being denied, the defendant appeals from the order denying his motion for a new trial and a judgment entered upon the verdict finding him guilty of the offense charged in the information just referred to. Three points are assigned by the appellant as grounds for reversal herein : first, that the court erred in the admission of testimony; second, that the court erred in its instructions given to the jury, and, third, that the court erred in pronouncing judgment of imprisonment in the county jail, in that the appellant should have been given the right to escape a jail sentence by the payment of a fine.

The testimony in behalf of the People is to the effect that the witness Lohman, accompanied by a man by the name of Reynolds, on the evening of the twenty-eighth day of July, 1923, went to the place of business owned and kept by the defendant, to wit, a grocery-store, and upon arriving at said place found the defendant in front of his store; that the witness Lohman then and there asked the defendant to sell him two bottles of wine; that the defendant went around in back of the building to some place not known by the witness Lohman and shortly returned with two bottles of wine for which the witness paid the defendant two dollars. The man Reynolds, who accompanied the witness Lohman, was not called at the trial. These bottles of wine were taken by the witness Lohman, who thereafter, accompanied by Reynolds, went to a dance. It appears that before going to the dance they went out on the Natomas boulevard and cached or secreted one bottle of wine, the other bottle they proceeded to drink. After the dance they returned to where one of the bottles of wine had been cached, as just stated, procured the same, but were thereupon apprehended by one of the police officers of the city of Sacramento. The witness Lohman testified to the matters hereinbefore stated. The bottle was analyzed, was found to contain a prohibited quantity of alcohol and was admitted as one of the exhibits in the case. The defendant endeavored to meet the case made out by the People by introducing testimony tending to show that he was not at his place of business on the evening of July 28, 1923, at the time designated by the witness Lohman as about the hour when he made the purchase of the two bottles of wine. The witness Lohman also testified that he knew the defendant and had previously seen him at the grocery-store conducted by the defendant.

Upon cross-examination of the defendant the court, over his objection, permitted the prosecution to interrogate the defendant as to whether he had or had not a license for the conducting of any business at 2030 Third Street, which premises are also known as 231 U Street. To these interrogatories the defendant answered that he had a license for the sale of ice-cream, candies and cigars. After these questions had been propounded and the answers given by the defendant that he had obtained such license, the district attorney then asked the defendant if the license, above referred to, was in his own name, and the defendant answered that it was issued in the name of a man by the name of Smith to whom he had intended to sell the place but to whom the place was not sold. This testimony was referred to by the district attorney upon his argument to the jury, and the admission of such testimony and the argument of the district attorney founded thereupon is urged as such prejudicial error as has resulted in a miscarriage of justice and requires a reversal of the judgment herein. [1] It having been shown that the purchase of the wine was made in front of the grocery-store owned by the defendant himself, and not by any agent or employee of his, and that the defendant owned the premises, it became utterly immaterial as to whether the defendant did or did not have a license. Had it been shown that the sale was made by some employee of the defendant, and it was sought to hold the defendant as principal, then the question of license and the ownership of the store and the conducting of the business would have been material and inquiries tending to elicit such testimony would have been both relevant and material. [2] As the case was presented, the guilt of the defendant in nowise depended upon whether he did or did not have a license. The objection urged by the defendant to such testimony should have been sustained. Did the failure of the court to sustain the defendant's objection to such testimony constitute reversible error? We think not. For the reasons which we have just stated above, i. e., that the guilt of the defendant did or did not in anywise depend upon whether he had a license or whether he owned or conducted the store, it was simply a mere question of making the sale, as stated by the witness Lohman. Whether the defendant had a license did not in anywise tend to show either the guilt or innocence of the defendant or whether he did or did not make a sale of the two bottles of wine as alleged in the

information. For these reasons we cannot see that any miscarriage of justice resulted therefrom, because the testimony did not tend to prove anything bearing upon the alleged sale of the two bottles of wine. [3] When we come to the real pith of the question and the vice of the alleged inadmissibility of the testimony, we find that no objection was made thereto by the defendant. The questions and answers which brought out the fact that the license was issued in the name of someone designated as Smith were not objected to and the argument of the district attorney based thereon was not objected to, nor was the court requested to charge the jury in relation thereto, nor was any motion made to strike out the testimony that the license referred to was issued to a man by the name of Smith. Not having been objected to in the court below, no motion having been made to strike out the improper testimony, no exception being taken to the argument of the district attorney founded thereupon, and no request being made to the trial court to instruct the jury to disregard the same, we think it is now too late to raise the question upon appeal.

[4] At the request of the People the court gave to the jury the following instruction: "After February 1, 1920, the possession of liquors by any person not legally permitted under this title to possess liquor shall be *prima facie* evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished or otherwise disposed of in violation of the provisions of this title, and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed and used."

This instruction should not have been given. The act of the legislature commonly known as the Wright Act (Stats. 1921, p. 279), adopted only the penalties of the act of Congress commonly known as the Volstead law. The instructions above given is to all intents and purposes a literal wording of one of the sections of the Volstead Act in relation to procedure in federal courts. It was not adopted into our system of procedure by the Wright Act and is not a correct statement of the law of this state. The case at bar presents simply a question of sale, and not of unlawful possession. However, this instruction was entirely outside the record, and even though erroneous it had no application to any fact tendered for the consideration of the jury and could not have been considered by them or applied to any

of the facts in the case in arriving at a verdict, and for this reason could in nowise have been instrumental in bringing about a miscarriage of justice.

[5] As to the third assignment of error, to wit, the sentence of the defendant to a term in the county jail, the question presented is identical with that considered in the case of *People* v. *Lamb, ante,* p. 263 [227 Pac: 969], heretofore decided by this court, opinion filed May 13, 1924. For the reasons therein stated the objection of the appellant on such ground must be held untenable.

Finding no legal cause for reversal herein, the order of the trial court denying defendant's motion for a new trial and the judgment pronounced in this cause will be and the same are hereby affirmed.

Weyand, J., *pro tem.,* and Finch, P. J., concurred.