[Crim. No. 1195.   First Appellate District, Division Two.—December 31, 1924.]

## THE PEOPLE, Respondent, v. SAM BUTTULIA, Appellant.

[1] CRIMINAL LAW — INTOXICATING LIQUORS — ILLEGAL POSSESSION— PLEADING—EVIDENCE—APPEAL.—In a prosecution for illegal possession of intoxicating liquor, even though defendant's objection made for the first time on appeal that the information fails to charge a public offense because it fails to negative the excepted uses mentioned in the Volstead Act in that it does not state that the liquor was not possessed by him in his private dwelling, occupied by him and possessed merely for his personal use and consumption, be upheld, a reversal will not be ordered where no prejudice resulted from the error, if any, in the information, and the entire record discloses that substantial justice has been done by the verdict and judgment, defendant's sole defense having been an absolute denial of the possession of the liquor and no conten-

---

1.   Construction and effect of provisions in Volstead Act as to possession of intoxicating liquor, note, 10 A. L. R. 1553.

tion having been made that the liquor was legally possessed by him.

[2] ID.—ILLEGAL POSSESSION—PROOF OF SALES—BURDEN OF PROOF.— In such prosecution, the burden rested upon the prosecution to prove the illegality of possession of intoxicating liquor; and the liquor claimed to have been possessed by defendant not having been found in the home of defendant, but adjoining the same, and there having been no direct proof available on the question of possession, the prosecution was entitled to prove possession and illegality thereof by showing that defendant was making a practice of selling liquor, which fact would tend to show that he was responsible for placing the liquor where it was found, adjoining his home, and would also tend to prove that his constructive possession of such liquor was for an illegal purpose.

[3] ID.—VERDICT—EVIDENCE.—In such prosecution, the contention that the evidence is insufficient to warrant the verdict of the jury is without merit.

[4] ID.—ARGUMENT—MISCONDUCT—WAIVER.—In such prosecution, the contention that error was committed by the district attorney in making certain statements in his closing argument to the jury is not available to the defendant upon appeal, where no assignment of misconduct was made by defendant at the time of the trial so as to enable the trial judge to remedy the matter by appropriate instructions.

---

(1) 17 C. J., p. 283, n. 55; 33 C. J., p. 801, n. 21.   (2) 33 C. J., p. 744, n. 22, p. 760, n. 32.   (3) 33 C. J., p. 761, n. 53.   (4) 17 C. J., p. 62, n. 94.

APPEAL from a judgment of the Superior Court of Contra Costa County. A. B. McKenzie, Judge. Affirmed.

The facts are stated in the opinion of the court.

William G. Hunt for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment entered upon a verdict of a jury finding him guilty of illegally possessing intoxicating liquor on the eleventh day of April, 1924. Defendant admitted the charge of prior convictions of the same offense.

[1] The first point made upon appeal is that the information fails to charge a public offense because it fails to negative the excepted uses mentioned in the Volstead Act in that it does not state that the liquor was not possessed by defendant in his private dwelling, occupied by him and possessed merely for his personal use and consumption. No demurrer was interposed to the information upon this ground and the objection is made for the first time upon appeal. We shall not attempt to differentiate this case from the federal cases relied upon by appellant any further than to point out that upon the present situation there operates the wholesome provision of section 4½ of article VI of our constitution. It is clear that even though the contention of appellant be upheld, the defendant was not prejudiced by the defect in the information, because his sole defense was an absolute denial of the possession of the liquor and there was no contention made that the liquor was legally possessed by him. A case similar in principle is the case of *People* v. *Bonfanti,* 40 Cal. App. 614 [181 Pac. 80]. There the court discussed an information charging an assault with intent to commit rape which omitted to allege that the woman assaulted was not the wife of the defendant. While such an information did not state a public offense, it was held that after trial and conviction, where the evidence showed that the victim was not the wife of defendant, the defect in the information would not warrant a reversal of the judgment. The court said: "An examination of the record immediately discloses that the omission in question affected the trial not at all; in fact, the trial proceeded as if the allegation were there. . . . It could not be contended, even by the defendant, that if the information had contained the statement that the victim of the assault was not his wife, the trial would have proceeded with one iota's difference from the course it took, or that the verdict of the jury or the judgment of the court would have been other than it was."

Likewise, in the instant case, we have a situation where no prejudice resulted from the error, if any, in the information, and the entire record discloses that substantial justice has been done by the verdict and judgment.

[2] Other specifications of error arise in various ways from the contention of the appellant that error was committed in admitting evidence of numerous sales of liquor by

the defendant to various persons, at various dates not far removed from the day mentioned in the information, and of several such sales upon said day. The circumstances of this case were somewhat unusual, in that the liquor was not found in the home of defendant, but a large quantity of it was found buried in a vacant lot adjoining his home, some of it buried a few feet outside the wall surrounding his premises. There was no other dwelling place close to the spot where the liquor was buried. Whether or not the liquor had been placed there by the defendant was a question for the jury, and in an attempt to prove constructive possession of defendant and illegality of such possession, if found by the jury, the prosecution introduced evidence of numerous sales, some of them on the day charged in the information, from which the jury was asked to infer that defendant possessed the liquor, exercised control over it and did so for an illegal purpose. But it is the position of appellant that as the Volstead Act makes possession alone *prima facie* evidence of illegality and shifts the burden to the defendant to show legal possession, the state had no burden of showing more than possession, and, therefore, the evidence complained of had no legitimate purpose in the record. This position is destroyed, basically, by the decisions in *People* v. *Mattos*, 67 Cal. App. 346 [227 Pac. 974], and *People* v. *Silva*, 67 Cal. App. 351 [227 Pac. 976], wherein it is held that as the Wright Act (Stats. 1921, p. 79) adopted only the penal provisions of the Volstead Act and as the provision making possession *prima facie* evidence of illegality is a procedural one, it is not the law of this state. In California, therefore, the burden rests upon the prosecution to prove the illegality of possession of intoxicating liquor and that is a material element of the offense. This case being peculiar, in that the liquor was not found in the home of the defendant, but adjoining the same, and there being no direct proof available on the question of possession, the prosecution relied upon circumstances to prove the possession and illegality thereof. It is clear that if the defendant was making a practice of selling liquor, that fact would tend to show that he was responsible for placing the liquor where it was found, adjoining his home, and would also tend to prove that his constructive possession of such liquor was for an illegal purpose.

[3]   The contention that the evidence is insufficient to warrant the verdict of the jury is without merit.   It is true the verdict is based partly upon circumstantial evidence, but there are a great many circumstances and they are convincing in effect and there is nothing in the record which casts doubt upon the inference to be drawn from them.

[4]   The contention that error was committed by the district attorney in making certain statements in his closing argument to the jury is not available to the appellant upon this appeal.   No assignment of misconduct was made by defendant at the time of the trial so as to enable the trial judge to remedy the matter by appropriate instructions, and it has been repeatedly held that under such circumstances such errors will not warrant a reversal upon appeal.   (*People* v. *Kiser,* 24 Cal. App. 540 [141 Pac. 1078]; *People* v. *Stein,* 23 Cal. App. 108 [137 Pac. 271]; *People* v. *Mancuso,* 23 Cal. App. 146 [137 Pac. 278].),

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.