[Civ. No. 5136.   First Appellate District, Division Two.—February
3, 1925.]

THE PEOPLE, Respondent, v. ONE 1924 STUDEBAKER
SPORT AUTOMOBILE, etc., Defendant; FRED H.
LUNDBLADE, Intervener and Appellant.

[1] INTOXICATING LIQUORS—TRANSPORTATION BY AUTOMOBILE—CON-
DITIONAL SALE OF AUTOMOBILE—NUISANCES—DILIGENCE OF VEN-
DOR—LACHES—FINDINGS.—A judgment declaring an automobile
to be a nuisance because of its use in the transportation of
intoxicating liquor, and ordering the sale of the car, cannot be
upheld on findings that the conditional vendor of the car was
not reasonably diligent to ascertain the use to which the car
was being put, and that he was guilty of laches by waiting
seventeen days before declaring the vendee in default under his
contract.

[2] ID.—USE OF CAR—DILIGENCE BY VENDOR—FORFEITURE.—It is not
the law that a conditional vendor of automobiles is bound to be
"reasonably diligent" to ascertain the use to which each car he
sells is put or suffer a penalty of forfeiture of his interest
in the same because of its use in the transportation of intoxicat-
ing liquor.

[3] ID.—DEFAULT—LACHES.—A vendor does not, under any general
rule of law, lose any rights by waiting seventeen days before
declaring his vendee in default under his contract.

[4] ID. — NUISANCES — SALE OF CAR — PAYMENT OF PROCEEDS INTO
COUNTY TREASURY—PENALIZING OF INNOCENT VENDOR—INVALIDITY
OF JUDGMENT.—A judgment declaring an automobile which was
used in the transportation of intoxicating liquor to be a nui-
sance and ordering the same to be sold is unauthorized in so

---

1.   Forfeiture by innocent vendor of article sold conditionally and
used by vendee in violation of law, note, 2 A. L. R. 1596.

far as it attempts to penalize the conditional vendor thereof, who had no knowledge of its illegal use, by ordering the net proceeds of the sale to be paid into the county treasury.

[5] ID.—WRIGHT ACT—VOLSTEAD ACT.—The Wright Act adopted only the penal provisions of the Volstead Act.

[6] ID.—NUISANCES—FORFEITURE—EQUITY—JURISDICTION.—A general equitable jurisdiction to abate nuisances does not include a general power of forfeiture without warrant of law.

---

(1) 33 C. J., p. 670, n. 61.   (2) 33 C. J., p. 670, n. 61.   (3) 35. Cyc., p. 672, n. 60.   (4) 33 C. J., p. 688, n. 95.   (5) 33 C. J., p. 672, n. 67.   (6) 29 Cyc., p. 1249, n. 69.

APPEAL from a judgment of the Superior Court of Humboldt County. Denver Sevier, Judge. Reversed.

The facts are stated in the opinion of the court.

W. Ernest Dickson for Appellant.

Arthur W. Hill, District Attorney, and J. J. Cairns, Deputy District Attorney, for Respondent.

LANGDON, P. J.—This action was brought against a Studebaker automobile seized under the Wright Act because it was being used in the transportation of intoxicating liquor. The complaint set out the fact of illegal use by Gilbert Whetstone, the registered owner, and his conviction for the offense; that F. H. Lundblade was the legal owner of the automobile. It was prayed that the court fix a time and place for a hearing of the matter and prescribe the notice to be given to the registered and legal owners and also to the holders of liens and other interests therein, and that upon the hearing a decree be made adjudging the said automobile to be a common nuisance and directing its sale by the sheriff of the county, the proceeds to be applied to the payment of costs and the "balance to be disposed of as provided by law."

Upon notice to the legal owner, Fred H. Lundblade, he intervened in the action and set forth in his pleading that he was the legal owner of the automobile and had sold the same to Whetstone upon conditional contract of sale, upon which only $451 had been paid, leaving a balance unpaid of

$1,692. It is then alleged that Whetstone has defaulted in his payments under the contract and under its provisions the legal owner elects to declare the entire balance of the purchase price due and payable, and to take possession of the automobile, etc. Intervener prayed that if an order of sale of the car be made it be conditioned upon receiving a bid for at least the amount due the intervener, and that if such amount could not be obtained, the car be returned to the intervener.

[1] The trial court found, substantially, all the foreging facts and also found that the legal owner had no knowledge of the illegal use of the automobile. It also found that the legal owner was guilty of laches in not exercising reasonable diligence to ascertain the use to which the automobile was being put, and also in not declaring the purchaser in default and recovering possession of the automobile on December 10, 1923, when the purchaser was first in default under his contract, and in permitting said purchaser to use said automobile for seventeen days thereafter, or until December 27, 1923. [2] These two latter findings cannot have any legal force or effect and are immaterial here, because it cannot be seriously contended that a seller of automobiles is bound to be "reasonably diligent" to ascertain the use to which each car he sells is put or suffer a penalty of forfeiture of his interest in the same. No provision of the Wright Act nor of the National Prohibition Enforcement Act is authority for this position, and, certainly, no general rule of law would warrant it. [3] Also a vendor does not lose any rights by waiting seventeen days before declaring his vendee in default under his contract under any general rule of law with which we are familiar. Indeed, the district attorney of Humboldt County, representing the people in this action, admitted in oral argument before this court that the findings just mentioned do not strengthen or give support to the judgment which we are reviewing.

[4] However, from the foregoing findings of fact, the trial court concluded that the automobile should be sold at public auction by the sheriff and that the net proceeds of the sale should be paid into the treasury of Humboldt County.

The intervener has appealed. It is admitted by the respondent that no penal provision contained in the Volstead Act authorizes the judgment, and that, on the contrary, said act expressly provides for reimbursement of lienholders in the event of the sale of property used in transportation of intoxicating liquor, where such lienholders had no knowledge of the illegal use. [5] It is settled that the Wright Act adopted only the penal provisions of the Volstead Act (*People* v. *Buttulia,* 70 Cal. App. 444 [233 Pac. 401]). Respondent contends that the method provided in the Volstead Act for disposition of the proceeds of a sale is a procedural provision and is not a part of the Wright Act. We think this reasoning is "beside the mark." The situation merely presents a case where it is sought to enforce an extreme penalty against an innocent owner of an automobile, which penalty is not only not provided in the Volstead Act, but is expressly denied therein, and, consequently, is not a penalty under the Wright Act.

Respondent being unable to escape the logic of this situation, takes upon appeal a new theory. Respondent concedes that no statutory power is given to forfeit the interest of an innocent lienholder or person situated as is the appellant here, but maintains that under the general equitable power of courts to abate nuisances, the trial court had the power to sell this automobile which had become a nuisance by reason of its use. To concede that the trial court had this general power does not solve the problem before us. The appellant is not disputing the power of the trial court to order the automobile sold and thus abate the nuisance. He is merely demanding that after the nuisance is abated by the sale of the property, the court continue its equitable jurisdiction to do equity and order the net proceeds paid to the owner of the property who has been guilty of no fault and who has fallen under the provisions of no statute penalizing him.

None of the cases relied upon by respondent discuss the disposition of the proceeds of a sale made to abate a nuisance under the general powers of a court of equity. The obvious answer to respondent's contention is that the nuisance was abated by the sale, which ended the power of the court, except to return the money to the persons entitled by law

thereto. **[6]** A general equitable jurisdiction to abate nuisances does not include a general power of forfeiture without warrant of law.

The judgment is reversed, with directions to the trial court to enter a judgment in accordance with the views herein expressed.

Sturtevant, J., and Nourse, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 2, 1925.

Richards, J., dissented.