[Civ. No. 2848. Third Appellate District.—March 7, 1925.]

THE PEOPLE, Respondent, v. ONE 1923 OAKLAND SPORT AUTOMOBILE, etc., Defendant; ANGLO-CALIFORNIA TRUST COMPANY, a Corporation, Intervening Claimant and Appellant.

[1] FORFEITURE—TRANSPORTATION OF LIQUOR IN AUTOMOBILE—KNOWLEDGE OF OWNER—FINDINGS—LACHES.—In a proceeding to obtain a decree condemning and forfeiting to the people a certain automobile which had been used in transporting intoxicating liquor, where the court finds that the intervening claimant, who was selling the automobile under a conditional sale contract, and who still held the legal title, did not have personal knowledge or information that said automobile was to be used or was being used in unlawfully transporting liquor, the further findings that said legal owner, by the exercise of reasonable diligence, could and should have known that said automobile was being used for such unlawful purpose, and that for failure to exercise reasonable or any diligence in that behalf said legal owner was guilty of laches, are wholly insufficient to support a judgment confiscating and forfeiting said automobile.

[2] ID. — ENFORCEMENT OF CRIMINAL PENALTY — UNLAWFUL USE OF PROPERTY — KNOWLEDGE OF OWNER — EVIDENCE. — While the civil processes of the courts may be invoked to enforce the penalty of forfeiture of private property authorized in proper cases by the Volstead and Wright acts, the object of such procedure is to enforce a criminal penalty or to enforce a judgment of sentence in a criminal case; and hence, when a party has been charged with and convicted of committing any offense under the prohibition en-

---

1. Forfeiture by innocent vendor of article sold conditionally and used by vendee in violation of law, note, 2 A. L. R. 1596. See, also, 22 Cal. Jur. 1114.

forcement law and it develops that, in committing such offense, he has used as an agency therefor certain property the legal title to which is in another, and it clearly appears that such owner has not himself actually participated in the commission of the crime, before the legal owner can be deprived of his property by the people of the state through proceedings of forfeiture based upon the fact of the use of such property for such illegal purpose, it is incumbent upon the people to show by sufficient evidence that such owner had actual knowledge that the intention was to use such property or that it was being used as an instrumentality for consummating the commission of such crime.

[3] Id. — Knowledge — Circumstantial Evidence — Duty to Watch Property.—In such a forfeiture proceeding, the fact of knowledge by the legal owner of the property that the intention was to use the property or that it was being used as in aid of or an agency for the commission of the crime may be proved, as may any other ultimate fact, by circumstantial evidence, but the circumstances must go further in their probative effect than merely to show that the owner, though having no tangible or substantial reason for so proceeding, might discover that the property was being used for an unlawful purpose, if he would at all times, and whenever it might be taken, keep it under espionage.

[4] Id. — Unlawful Use of Automobile — Lack of Knowledge of Owner — Defense Against Confiscation. — Under section 26 of the Volstead Act, which, by reference, is made a part of the Wright Act, where the legal owner of an automobile in the possession of a conditional vendee can and does satisfactorily show, in the case of the seizure of such automobile under the Wright Act, that he had no knowledge that the car was to be used or was used or being used by the conditional vendee or any other party for the illegal transportation of intoxicating liquor, he then establishes the "good cause" which the statute intends will operate as a perfect defense against the confiscation and forfeiture of the seller's interest therein.

(1) 33 C. J., p. 670, n. 61. (2) 33 C. J., p. 670, n. 61. (3) 33 C. J., p. 670, n. 61. (4) 33 C. J., p. 672, n. 68, 70.

APPEAL from a judgment of the Superior Court of Humboldt County. Denver Sevier, Judge. Reversed.

The facts are stated in the opinion of the court.

R. G. Hudson for Appellant.

Arthur W. Hill, District Attorney, and J. J. Cairns, Deputy District Attorney, for Respondent.

HART, J.—The intervening claimant, above named, has brought this appeal to this court from a judgment of the superior court in and for the county of Humboldt, condemning and forfeiting to the People of the State of California the defendant automobile and directing the sheriff of said county to sell the same at public auction and pay into the treasury of said county of Humboldt the proceeds of said sale, after deducting the expenses in keeping said defendant and the costs of conducting such sale.

In December, 1923, one Charles Dolan had possession of defendant automobile in Humboldt County, and, while having such possession, used the car as means for the transportation of intoxicating liquor in said county. On said day he was arrested by an officer of said county and later was formally charged, under the state Prohibition Enforcement Act (Stats. 1921, p. 79), before a justice of the peace, in the city of Eureka, in said county, with the crime of transporting intoxicating liquor. At the same time the said automobile was seized and taken possession of by the officer making said arrest. Subsequently Dolan was tried for and convicted before said justice's court of the crime of transporting intoxicating liquor.

This action was brought by the district attorney of said county of Humboldt, under the provision of the said Prohibition Enforcement Act, to condemn, confiscate, and forfeit to the People of the state said automobile, alleging in his petition that, having been used for the unlawful transportation of intoxicating liquor, said automobile thereupon became a common nuisance, and subject, under the terms of said act, to such condemnation and forfeiture.

These facts were set out in the complaint of the intervening claimant and appellant and shown by uncontradicted evidence: On the twenty-eighth day of July, 1923, J. W. Leavitt & Co., a corporation engaged in the business of selling automobiles in the city of San Francisco, sold the defendant automobile to one Lillian Gernandt under a contract of conditional sale, said contract being in writing. The purchase price of said automobile was $1,521.13, of which the sum of $482.58 was paid at the time of the delivery of the automobile to said Gernandt, the balance to be paid in monthly installments of $57. After the initial payment

of $482.58, certain of the installments provided for by the contract were paid. Subsequently to the execution of the contract and the delivery of the automobile to Lillian Gernandt, the seller, J. W. Leavitt & Co., sold and assigned the contract and all their rights thereunder to the intervening claimant, Anglo-California Trust Company.

Under the express terms of the conditional sale contract, the legal title to the defendant automobile was to remain in the seller, or its successors or assigns, until all payments should be made and all the conditions of the contract were complied with. Ever since the sale of the said contract to Anglo-California Trust Company it has been and was at the time of the commencement of this action the legal owner of the automobile and entitled to all payments provided for in said contract; that at the time of the seizure of the car there was, and ever since has been, due the Anglo-California Trust Company on the purchase price of said automobile the sum of $865.45; that said Trust Company had no confiscation insurance on said automobile; that Lillian Gernandt, the registered owner of the automobile, "is without property or assets upon which an execution could be levied by the Anglo-California Trust Company, and has no assets or funds from which could be collected the balance due from her upon said contract."

Among the provisions of the contract of sale between Leavitt & Co., and Lillian Gernandt was one to the effect that the purchaser should not use said automobile nor permit it to be used for any unlawful purpose. While of no consequence here, since she has not appealed, it will do no harm to state that Lillian Gernandt also answered the complaint or petition, alleging that she had an interest in the car, and, while admitting that she loaned the automobile to Dolan, of which fact, she alleged, she did not advise the appellant, alleged that she had no knowledge of the fact that Dolan used or intended to use it for the unlawful transportation of intoxicating liquors or for any other unlawful purpose.

The court found that defendant automobile was sold by J. W. Leavitt & Co. to Lillian Gernandt under a conditional contract of sale, in writing, at the time and for the price and on the terms stated in appellant's complaint in interven-

tion; that on the purchase price of the car ($1,521.13), said Gernandt paid the sum of $482.50 on the delivery of said automobile to her; that thereafter certain payments were made on said contract by Gernandt, and that at the time of the trial of this action the sum of $865.45 was unpaid on said purchase price. The court further found:

"That the said intervener, Anglo-California Trust Company, at the time said automobile was delivered to said Lillian E. Gernandt did not have personal knowledge or information that said automobile was to be used or was being used in unlawfully transporting liquor and the court further finds that by the exercise of reasonable diligence said intervener could have known, and should have known that said defendant automobile was being used for the unlawful transportation of intoxicating liquor and for its failure to exercise reasonable or any diligence in that behalf said intervener was guilty of laches."

The foregoing finding rests entirely upon the doctrine of notice—that is, that the appellant had knowledge or information of such facts as were sufficient to put a prudent person upon inquiry which, if prosecuted with reasonable diligence, would have disclosed to the appellant that it was the intention to use the automobile or that it was being used for an unlawful purpose. This, it would seem, is the only permissible theory of the finding upon which the judgment is planted, since the court, as will be noted, expressly found that the appellant "did not have personal knowledge or information that said automobile was to be used or was being used in unlawfully transporting liquor."

[1] The finding by which it is sought to vitalize the decree from which this appeal is taken is wholly insufficient to support a judgment confiscating and forfeiting property employed as means for facilitating the violation of the prohibition enforcement laws. [2] It must be remembered that, while the civil process of the courts may be invoked to enforce the penalty of forfeiture of private property authorized in proper cases by the Volstead (U. S. Comp. Stats. Ann. Supp. 1923, § 10138¼) and Wright (Stats. 1921, p. 79) Acts, the fact is that, after all, the object of such proceeding, as is that of the present proceeding, is to enforce a criminal penalty or, it may aptly be said, to enforce a

judgment of sentence in a criminal case. In substantial effect, it is nothing less than that. Hence, wisely the law contemplates that, when a party has been charged with and convicted of committing any offense under the prohibition enforcement law and it develops that, in committing such offense, he has used as an agency therefor certain property the legal title to which is in another, and it clearly appears that such owner has not himself actually participated in the commission of the crime, before the legal owner can be deprived of his property by the people of the state through proceedings of forfeiture based upon the fact of the use of such property for such illegal purpose, it is incumbent upon the people to show by sufficient evidence that such owner had actual knowledge that the intention was to use such property or that it was being used as an instrumentality for consummating the commission of such crime. [3] Of course, the fact of knowledge by the legal owner of the property that the intention• was to use the property or that it was being used as in aid of or an agency for the commission of the crime may be proved, as may any other ultimate fact, by circumstantial evidence, but the circumstances must go further in their probative effect than merely to show, as seems to be the extent of the showing here, that the owner, though having no tangible or substantial reason for so proceeding, might discover that the car was being used for an unlawful purpose, if he would at all times, and wherever it might be taken or driven, keep it under espionage. Such a duty certainly is not imposed upon dealers in automobiles. If it were, there would be few, if any, persons of law-abiding proclivity who would engage in such business.

The above views coincide with the provisions of section 26 of the Volstead Act, also by reference made a part of the state enforcement law known as the Wright Act (*Traffic Truck Sales Co. of California et al.* v. *Justice Court,* 192 Cal. 377 [220 Pac. 306]; *People* v. *Buttulia,* 70 Cal. App. 444 [233 Pac. 401]), as that section has been construed by the courts. Said section provides that where intoxicating liquors are transported illegally, the same together with the vehicle being used for that purpose, shall be seized and taken possession of by an officer, who shall at once proceed against the person arrested, etc., ''but the said vehicle or conveyance

shall be returned to the owner upon execution by him of a good and valid bond with sufficient sureties, in a sum double the value of the property, which said bond shall be approved by said officer and shall be conditioned to return said property to the custody of said officer on the day of trial to abide the judgment of the court. The court, upon conviction of the person so arrested, shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the fee for the seizure, and the cost of the sale, shall pay all liens, according to their priorities, which are established, by intervention or otherwise at said hearing or in other proceeding brought for said purpose, as being *bona fide* and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor, and shall pay the balance of the proceeds into the Treasury of the United States as miscellaneous receipts.''

[4] There could be nothing clearer than that the meaning of said section is that where the legal owner of an automobile in the possession of a conditional vendee can and does satisfactorily show, in the case of the seizure of such automobile under the Wright Act, that he had no knowledge that the car was to be used or was used or being used by the conditional vendee or any other party for the illegal transportation of intoxicating liquor, he then establishes the ''good cause'' which the statute intends will operate as a perfect defense against the confiscation and forfeiture of the seller's interest therein. It has, indeed, been plainly so held in *Jackson* v. *United States*, 295 Fed. 620, and in the very recent case of *People* v. *One 1924 Studebaker Sport Automobile, ante,* p. 134 [234 Pac. 856]. In the case first named, one Bostick, conditional purchaser of the automobile therein involved, was convicted of the unlawful transportation of intoxicating liquor by means of said automobile. The court found as a fact that the intervening claimant, who was the seller of the car and in whom the legal title was to remain until the payment in full of the agreed purchase price, which price had not been paid at the time of the trial, had no personal knowledge that the automobile was to be used,

or was in fact used, by Bostick in the unlawful transportation of liquor, but nevertheless denied his petition for the return of the machine, and directed its sale without any right of the petitioner to any of the proceeds thereof. The circuit court of appeals held, in effect, that the finding was insufficient as a matter of law to uphold the decree, as it denied the right of the legal owner of an automobile expressly given him by the Volstead Enforcement Act, to save his rights in the property by a showing that the car had been used by the conditional vendee for the unlawful purpose without his knowledge, consent, or acquiescence. The trial court, in an opinion filed in that case, among other things, declared:

"An owner may show 'good cause' if he show that the car was taken and used without his knowledge or consent; but where he turns it over to another for a price, giving absolute control to such other, he is not in a position to show 'good cause' against a forfeiture, if the car be seized while unlawfully used in the transportation of liquor, by asserting that such use was without his knowledge."

To which the circuit court of appeals made answer:

"If, as the court there says, the owner may show the 'good cause' referred to in the statute, by showing that the vehicle was taken and used by the purchaser without his knowledge or consent, we are unable to see why that right is necessarily defeated by the fact that, by the terms of its conditional sale, its purchaser was given the absolute control of it within a certain designated territory, and so long as he complied with all of the terms of the sale. If that be so no conditional sale of such personal property could be made with any security to the seller except by his paying for a policy of insurance. We agree with Judge Thomas in the case of *United States* v. *Sylvester* (D. C.), 273 Fed. 253, that 'it is apparent that the Congress intended to penalize only the wrongdoer,' and not the innocent party or parties to the transaction. As said by the court in that case:

" 'When a defendant is arrested for transporting intoxicating liquor, and the vehicle is seized, what is to be done with it depends upon what interest the defendant has in it. If he had no interest—that is, if he had stolen it, or had borrowed it from its real owner, who neither knew nor could

be presumed to have knowledge of the illegal purpose for which it was to be used—manifestly the wrongdoer had no interest to forfeit, and it logically follows, under the provisions of the act, that the vehicle should be returned to its rightful owner, by order of court. If, on the other hand, the wrongdoer had an interest in the vehicle, his interest should be confiscated and the vehicle ordered sold. What, then, is to become of the interest of the conditional vendor or the interest of the mortgagee? Are such persons to lose their interest in the vehicle or the value of their property right? The answer is a negative one, and is found in the provisions of section 26, which guard against such loss, as far as possible.' ''

Very much the same views are expressed in the case last above named—*People* v. *One 1924 Studebaker etc. Automobile*—by presiding justice Langdon of the first appellate district. The finding upon which the judgment in that case was grounded is in precisely the same language as is the finding by which it is sought to support the judgment in this case. Speaking of said finding, it is said by Judge Langdon that it ''cannot have any legal force or effect and is immaterial here because it cannot be seriously contended that a seller of automobiles is bound to be 'reasonably diligent' to ascertain the use to which each car he sells is put or suffer a penalty of forfeiture of his interest in the same. No provision of the Wright Act nor of the National Prohibition Enforcement Act (U. S. Comp. Stats. Ann. Supp. 1923, § 10138¼) is authority for this position, and, certainly, no general rule of law would warrant it.''

Again, in the same case, it is said:

''It is admitted by the respondent that no penal provision contained in the Volstead Act authorizes the judgment, and that, on the contrary, said act expressly provides for reimbursement of lienholders in the event of the sale of property used in transportation of intoxicating liquors, where such lienholders had no knowledge of the illegal use. It is settled that the Wright Act adopted only the penal provisions of the Volstead Act (*People* v. *Buttulia*, 70 Cal. App. 444 [233 Pac. 401]). Respondent contends that the method provided in the Volstead Act for dispo-

sition of the proceeds of a sale is a procedural provision and is not a part of the Wright Act.   We think this reasoning is 'beside the mark.'   The situation merely presents a case where it is sought to enforce an extreme penalty against an innocent owner of an automobile, which penalty is not only not provided in the Volstead Act, but is expressly denied therein, and, consequently, is not a penalty under the Wright Act."

The district attorney, in his brief, declares that the true rule applicable in cases of the forfeiture of property arising under the Volstead or Wright Act is as it is stated and applied in *Goldsmith Jr.-Grant Co.* v. *United States,* 254 U. S. 505, 511 [65 L. Ed. 376, 41 Sup. Ct. Rep. 189, see, also, Rose's U. S. Notes Supp.].   That case arose over the violation of a federal statute which provided for the forfeiture of goods or commodities upon which a tax was imposed and such goods or commodities were removed, deposited, or concealed in any place, with the intent to defraud the government of such tax, and further provided that every boat, cart, wagon, or other conveyance and all horses and animals, used in such removal, shall also be forfeited to the government. Under that statute, a libel was filed against a Hudson automobile, charging that it had been used by certain named persons in removing, for deposit and concealment, a quantity of distilled spirits, upon which a tax was imposed by the United States, and which had not been paid.   The owner of the automobile intervened, alleging and proving that he had no knowledge of the use of the car for the unlawful purpose charged.   The court held, in effect, that the fact that the owner had no knowledge of the illegal use to which the automobile had been put and was innocent of all wrong in connection with the illicit transaction was not a consideration material to the decision of the case; that the statute, without qualification, declared that the property so used should be forfeited and sold and the proceeds of the sale turned over to the government, and that, therefore, there was no other legal alternative but to order a forfeiture of the property.   The reasoning by which that conclusion was reached need not be repeated herein.   It is enough to say that there is no ground for a difference of opinion as to the soundness of the conclusion therein announced, unless we deny

the right of Congress to authorize a forfeiture of privately owned property in such a case and under such circumstances, and this cannot successfully be done. But there is a broad and clear ground of distinction between the statute involved in the *Goldsmith, Jr.-Grant* decision and the statute with which we are now dealing, in that in the former there was no "saving clause," so to speak—no provision affording means by which the legal owners of automobiles, having no knowledge of the unlawful use of their property, may protect their rights therein, while here, as has been shown, there is a provision expressly declaring that the legal owner, where he himself has not been a party to the crime, may intervene in the forfeiture proceedings and so protect and preserve his rights in the premises.

The foregoing considerations are decisive of this case. Still it is not improper to suggest that, if the theory of the finding upon which it is sought to rest the decree entered herein were maintainable, there is not a particle of evidence which lends the slightest support to that finding. In other words, the evidence does not show a single fact or circumstance which would have conveyed to the seller of the defendant automobile the slightest intimation or suggestion that the automobile was to be used, or at any time was being used in the unlawful transportation of intoxicating liquor. In a word, the record is absolutely silent as to any reason why the seller "could have known and should have known" that the automobile was to be used or was being used for the illegal purpose mentioned. But, as stated, these considerations, in view of the conclusion first above declared, are of no particular consequence in the decision of this case.

The judgment as to the appellant is reversed.

Finch, P. J., and Plummer, J., concurred.