[Civ. No. 2920. Third Appellate District.—March 7, 1925.]

THE PEOPLE, Respondent, v. ONE 1923 BUICK COUPE AUTOMOBILE, etc., Defendant; HELEN McKEON et al., Interveners and Appellants.

[1] Nuisances—Unlawful Use of Automobile—Transportation of Intoxicating Liquor — Knowledge of Owners — Forfeiture — Judgment.—In an action instituted by and on behalf of the people against an automobile to secure a decree declaring and adjudging it to be a common nuisance, predicated upon its unlawful use in the transportation of intoxicating liquor, a finding that the interveners (the registered owner and the legal owner of the automobile) at no time had personal knowledge or information of the unlawful use to which the defendant automobile was put or was intended to be put by the third person who was guilty of such unlawful use thereof, conclusively establishes the invalidity of the judgment condemning said automobile, forfeiting it to the people, and providing for the sale thereof and the payment of the net proceeds into the county treasury.

(1) 33 **C. J.**, p. 670, n. 61.

APPEAL from a judgment of the Superior Court of Humboldt County. Denver Sevier, Judge. Reversed.

The facts are stated in the opinion of the court.

P. H. Ryan and Nelson & Ricks for Appellants.

Arthur W. Hill, District Attorney, and J. J. Cairns, Deputy District Attorney, for Respondent.

HART, J.—The district attorney of Humboldt County, purporting to act under the state prohibition law, known as the Wright Act (Stats. 1921, p. 79), instituted this action in the name and on behalf of the People of the State of California, against the defendant automobile to secure a decree declaring and adjudging it to be a common nuisance, and

1. On forfeiture by innocent vendor of article sold conditionally and sued by vendee in violation of law, note, 2 A. L. R. 1596. See, also, 22 **Cal.** Jur. 1114.

directing the sale thereof by the sheriff of Humboldt County at public sale, ''and that the proceeds of such sale be applied to the payment of the costs of this action . . . and the balance thereof be disposed of as provided by law,'' etc.

It appears from the complaint that at all times mentioned therein Helen McKeon was the registered owner of said automobile and that Airth Automobile Company of Eureka, California, was the legal owner thereof; that on the seventeenth day of November, 1923, in the county of Humboldt, one C. La Chappelle had possession of said automobile, ''and then and there willfully and unlawfully used and employed said defendant for the transportation of intoxicating liquor, to wit, whisky''; that at said time and place and on the date stated said La Chappelle, while so using said automobile, was arrested and said automobile seized by a detective connected with the office of the district attorney of Humboldt County; that, on the same day, a complaint was filed in the justice's court of Eureka township, charging said La Chappelle with unlawfully transporting intoxicating liquor by means of said automobile; that thereafter he was arrested, appeared before said justice's court, entered a plea of guilty to said charge, and that, subsequently, and upon said plea, judgment of conviction and sentence was entered against and imposed upon him by the justice of said court.

Both Helen McKeon, as the registered owner, and National Surety Company, as the legal owner of the defendant automobile, filed complaints in intervention, each of said complaints alleging, among other things, that the intervener had an interest in said automobile (describing such interest) and that the intervener had no knowledge of the unlawful use of the defendant automobile, as charged, or that it was the intention so to use it at the time mentioned in the district attorney's complaint or at any other time.

Upon a trial of the issues as thus framed, the court entered its decree condemning said automobile and forfeiting it ''to the People of the State of California,'' and directing the sheriff of Humboldt County to sell the same at public auction and, after deducting necessary costs and expenses from the proceeds of such sale, to pay the sum remaining into the treasury of Humboldt County.

The interveners appeal from said decree.

The court found that neither the interveners Helen Mc-Keon, the registered owner, nor Airth Automobile Company, the legal owner of defendant, at the time La Chappelle was using the automobile, "had personal knowledge or information that said defendant would be used for the transportation of liquor, or that it would be used to transport liquor from San Francisco to Eureka," but found that, by the exercise of reasonable diligence, said Helen McKeon and said Airth Automobile Company could have known and should have known that said defendant automobile was used and being used for the unlawful transportation of intoxicating liquor, and that for failure to exercise reasonable or any diligence in that behalf said Helen McKeon and said Airth Automobile Company were guilty of laches. It was further found that the allegations of Helen McKeon's complaint in intervention that she purchased the automobile from the Airth Automobile Company for the sum of $1,535, that at the time of the seizure thereof there was unpaid on the contract price the sum of $609, that since said seizure she has paid on account of said contract the sum of $87, "and that the sum of $522.00 of said purchase price is now unpaid" were true. The court also found that the National Surety Company has succeeded to all the rights of said Airth Automobile Company in and to said defendant and the contract evidencing the sale thereof.

This case, in the facts and the legal points, parallels the case of *People* v. *One 1923 Oakland Sport Automobile, ante,* p. 590 [236 Pac. 194]. The findings in both cases are exactly the same. Upon the authority of that case and the authorities therein considered, the judgment in this case must be reversed. It may, with no impropriety, be stated, however, that, if it were true that the findings upon which the judgment as to both Miss McKeon and Airth Automobile Company proceeded were sufficient in law to support a judgment in a proceeding under the Volstead (U. S. Comp. Stats. Ann. Supp. 1923, § 10138¼) or Wright (Stats. 1921, p. 79) Acts looking to the forfeiture of property used in violating any of the provisions of said acts, still there is no evidence that supports those findings. In other words, there is no evidence showing or reasonably tending to show that either of the parties named had knowledge of any fact or facts or

circumstances which would have put them, as prudent persons, upon inquiry which, if pressed with reasonable diligence, would have brought to them actual knowledge that the defendant would be used or was used or being used in the unlawful transportation of intoxicating liquor, and that having failed to exercise that degree of diligence they were guilty of laches which charged to them actual knowledge of the fact. But since, as we have said, the findings referred to are without legal force, and, therefore, impart no life to the judgment, it is not necessary that we should further pursue the present consideration.

[1] The finding that the parties named at no time had personal knowledge or information of the unlawful use to which the defendant automobile was put or was intended to be put by La Chappelle conclusively establishes the invalidity of the judgment.

The judgment as to both of the appellants is reversed, with directions to the trial judge to enter judgment on the findings in favor of both appellants.

Finch, P. J., and Plummer, J., concurred.