[Civ. No. 4893.   Third Appellate District.—September 29, 1933.]

THE PEOPLE, Appellant, v. ONE (1) FORD TOURING AUTOMOBILE, Defendant; HILLMAN AUTO LOAN, LTD. (a Corporation), Intervener and Respondent.

Charles P. Johnson, City Prosecutor, and John L. Bland and J. W. Matherly, Deputies City Prosecutor, for Appellant.

Tipton & Sawyer for Respondent.

PLUMMER, J.—This action was prosecuted to secure a judgment of forfeiture and sale of One Ford Touring Automobile.   Judgment went for the intervener, and the plaintiff has appealed.

At the trial of the action the following stipulation was entered into between the plaintiff and the intervener, which, omitting the title, is in the words and figures following:

"It is hereby stipulated, by and between the parties herein, through their respective attorneys, that the follow-

ing is a true and correct statement of the facts involved in the above entitled cause:

"I.

"That the third party claims filed therein shall have the same force and effect as suit in intervention.

"II.

"That Hillman Auto Loan, Ltd., a corporation, is the *bona fide* owner of the conditional sales contract purporting to establish legal title to the automobile in defendant; that there is due and owing to Hillman Auto Loan, Ltd., a corporation, the sum of Five Hundred Fifty and 35/100 ($550.35) Dollars, as evidenced by a conditional contract of sale covering the said automobile.

"III.

"That Hillman Auto Loan, Ltd., a corporation, had no actual knowledge or notice that the said automobile was being used in aid of, or as an agency for the commission of any crime.

"IV.

"That Hillman Auto Loan, Ltd., a corporation, had no notice or knowledge of the intention of any party to use the same automobile in aid of, or as an agency for the commission of any crime.

"V.

"That Hillman Auto Loan, Ltd., a corporation, did not make, nor did they have made for them, any investigation of the use to which the said automobile was being put, nor did they make, or have made for them, any investigation as to the intention of any party to use the said automobile in aid of, or as an agency for the commission of any crime.

"Dated this 21st day of April, 1931."

The record shows the intervener to be the assignee of the conditional contract referred to in the stipulation. Neither the stipulation nor the findings of the court refer to the good faith or lack of knowledge on the part of the intervener's assignor. The court found in accordance with the stipulation, ordering judgment in favor of the intervener.

Upon this appeal it is contended that the good faith of the intervener's assignor should have been established by the intervener, and also that the intervener should have introduced testimony showing its good faith, and that it had made reasonable investigation as to the uses for which the

automobile was intended. It is sufficient to say that as to the good faith of the intervener, the stipulation is conclusive. Upon the other questions involved, it appears that the courts of this state have definitely decided them against the contentions of the appellant.

In the case of *People* v. *One (1) 1923 Oakland Sport Automobile, Anglo-California Trust Co.*, intervening claimant, 71 Cal. App. 590 [236 Pac. 194], an exactly similar state of facts was involved as to knowledge of assignor and knowledge of assignee, and also as to lack of investigation being established on the part of assignor and assignee. This court, upon these facts, ruled as follows: "It must be remembered that, while the civil process of the courts may be invoked to enforce the penalty of forfeiture of private property authorized in proper cases by the Volstead (U. S. Comp. Stats. Ann. Supp. 1923, 10138¼) and Wright (Stats. 1921, p. 79) Acts, the fact is that, after all, the object of such proceeding, as is that of the present proceeding, is to enforce a criminal penalty or, it may aptly be said, to enforce a judgment of sentence in a criminal case. In substantial effect, it is nothing less than that. However, wisely the law contemplates that, when a party has been charged with and convicted of committing any offense under the prohibition enforcement law and it develops that, in committing such offense, he has used as an agency therefor certain property the legal title to which is in another, and it clearly appears that such owner has not himself actually participated in the commission of the crime, before the legal owner can be deprived of his property by the People of the state through proceedings of forfeiture based upon the fact of the use of such property for such illegal purpose, it is incumbent upon the People to show by sufficient evidence that such owner had actual knowledge that the intention was to use such property or that it was being used as an instrumentality for consummating the commission of such crime. Of course, the fact of knowledge by the legal owner of the property that the intention was to use the property or that it was being used as, in aid of, or as an agency for the commission of the crime, may be proved, as may any other ultimate fact, by circumstantial evidence, but the circumstances must go further in their probative effect than merely to show, as seems to be the extent of the showing here, that

the owner, though having no tangible or substantial reason for so proceeding, might discover that the car was being used for an unlawful purpose, if he would at all times, and wherever it might be taken or driven, keep it under espionage. Such a duty certainly is not imposed upon dealers in automobiles.'' (See, also, *People* v. *One (1) 1924 Studebaker Auto,* 71 Cal. App. 134 [234 Pac. 856].)

In *People* v. *Buttulia,* 70 Cal. App. 444 [233 Pac. 401], we find language approving former decisions of this court that is applicable here: ''But it is the position of appellant that as the Volstead Act makes possession alone *prima facie* evidence of illegality and shifts the burden to the defendant to show legal possession, the state had no burden of showing more than possession, and, therefore, the evidence complained of had no legitimate purpose in the record. This position is destroyed, basically, by the decisions in *People* v. *Mattos,* 67 Cal. App. 346 [227 Pac. 974], and *People* v. *Silva,* 67 Cal. App. 351 [227 Pac. 976], wherein it is held that as the Wright Act (Stats. 1921, p. 79), adopted only the penal provisions of the Volstead Act, and as the provision making possession *prima facie* evidence of illegality is a procedural one, it is not the law of this state. In California, therefore, the burden rests upon the prosecution to prove the illegality of possession of intoxicating liquor and that is a material element of the offense.''

Quoting again from the *People* v. *One (1) 1924 Studebaker Auto, supra*: ''The situation merely presents a case where it is sought to enforce an extreme penalty against an innocent owner of an automobile, which penalty is not only not provided in the Volstead Act, but is expressly denied therein, and, consequently, is not a penalty under the Wright Act.''

Summing up these cases, the text in 22 California Jurisprudence, page 1114, reads as follows: ''Again, in order to involve the seller in the buyer's offense, it must be established that he had actual knowledge of the illegal purpose; he is not to be held liable upon the theory that he ought to have known of the use to which the chattel was put.'' As this case was prosecuted in accordance with the provisions of the Wright Act, the fact that courts of other jurisdictions in some instances have followed a different rule, is not controlling here.

The cases which we have cited are decisive of the questions involved. The findings of the court were strictly in accordance with the stipulation filed by counsel, and the judgment must therefore be, and the same is, hereby affirmed.

Pullen, P. J., and Thompson, J., concurred.