[Crim. No. 265.    Second Appellate District.—November 12, 1912.]

## THE PEOPLE, Respondent, v. AURELIO MARTINEZ, Appellant.

CRIMINAL LAW—MURDER—CONVICTION UPON CIRCUMSTANTIAL EVIDENCE —INSTRUCTION—EXCLUSION OF RATIONAL HYPOTHESIS OTHER THAN GUILT—PRESUMPTION UPON APPEAL.—Where the evidence upon which the defendant was convicted of the crime of murder was wholly circumstantial, and the court clearly and fully instructed the jury that where such evidence is relied upon to establish the guilt of the accused, it should be sufficient to exclude every rational hypothesis other than of guilt; upon defendant's appeal the appellate court will presume that the jury, in considering the circumstances established, followed such instruction, and determined by their verdict that the circumstances were inconsistent with any theory other than that the defendant committed the crime.

ID.—INFERENCE OF GUILT OR INNOCENCE—REVIEW UPON APPEAL—QUESTION OF LAW NOT PRESENTED.—Where the circumstances are such as to reasonably justify an inference of guilt, as found by the jury, the fact that an inference of innocence might likewise be reasonably drawn therefrom, does not present a question of law for review by an appellate court, any more than does a verdict based upon direct conflicting evidence; in neither case will the verdict be disturbed.

ID.—REFUSAL OF REQUESTED INSTRUCTION NOT PREJUDICIAL—DISTRUST OF WILLFULLY FALSE WITNESS.—The refusal of the court, at defendant's request, to instruct the jury that if they believed from the evidence that any witness had willfully testified falsely to any material fact they were at liberty to reject the other testimony of such witness, constituted no prejudicial error.

ID.—REFUSAL OF REQUEST COVERED BY COURT'S CHARGE.—It was not error to refuse a requested instruction which, in so far as it correctly stated the law, was covered by the charge of the court, which, taken as a whole, is full and complete, and well calculated to protect every right of the defendant.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

C. C. Haskell, and A. Trujillo, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

SHAW, J.—By information filed by the district attorney defendant was charged with the crime of murder. Upon trial therefor he was convicted of murder in the second degree, the judgment of the court being that he be imprisoned in the state prison at Folsom for a term of thirty years. From this judgment, and an order denying his motion for a new trial, he prosecutes this appeal.

The evidence upon which defendant was convicted was of an entirely circumstantial nature. The court, following the elementary rule that where such evidence is relied upon to establish the guilt of the accused it should be sufficient to exclude every rational hypothesis other than that of guilt, instructed the jury clearly and fully thereon. We must assume the jury, in considering the circumstances established, followed this instruction and by the verdict rendered determined that the circumstances were inconsistent with any theory other than that defendant committed the crime. Where the circumstances are such as to reasonably justify an inference of guilt, as found by the jury, the fact that an inference of innocence might likewise be reasonably drawn

therefrom does not present a question of law for review by
an appellate court any more than does a verdict based upon
direct conflicting evidence; in neither case will the verdict be
disturbed.    We are not unmindful that the supreme court in
*People* v. *Staples*, 149 Cal. 405, [86 Pac. 886], employs lan-
guage seemingly inconsistent with this view, and upon which
appellant claims that if upon review this court is of the
opinion that the circumstances are reasonably compatible with
defendant's innocence, then, notwithstanding the fact that
they reasonably justify the inference of guilt drawn there-
from by the jury, he is entitled to a reversal of the judgment.
In reply to this we quote with approval the language used
by Judge Chipman in *People* v. *Muhly*, 15 Cal. App. 419, [114
Pac. 1018], where, in discussing the Staples case, he says:
"We do not understand that case to hold that where the cir-
cumstances are such as to reasonably justify the inference of
guilt, the case will be taken from the jury because an infer-
ence of innocence might also reasonably have been drawn.
Between these two inferences the jury must choose, and it is
only where the evidence obviously does not warrant the in-
ference of guilt that the court will interfere.    This must be
so, or the weight of the circumstantial evidence, and the in-
ference to be drawn from it in almost every case, must finally
be determined by the appellate court, thus making the court
the arbiter of both law and fact.    In our judgment, a verdict
of a jury, and the judgment of conviction based upon circum-
stantial evidence, come to us as any other verdict and judg-
ment, clothed with like presumption of support; and unless
we can say that the inference of guilt drawn from the evidence
was wholly unwarranted, we cannot interfere."    In this case
the circumstances established reasonably justified the conclu-
sion of the jury as expressed in their verdict, and even though
this court were of the opinion that such circumstances might
be reasonably reconciled with the innocence of defendant,
such fact does not warrant interference with the determina-
tion of the jury.

The refusal of the court, at defendant's request, to instruct
the jury that if they believed from the evidence that any wit-
ness had willfully testified falsely to any material fact they
were at liberty to reject the entire testimony of such witness,

constituted · no prejudicial error. (*People* v. *Corey*, 8 Cal. App. 728, [97 Pac. 907], and cases there cited.)

The instruction found on page 43 of the clerk's transcript was refused and the ruling is assigned as error. Without quoting the requested instruction, it is sufficient to say that, in so far as the same correctly.stated the law, the subject thereof was covered by other instructions given, which, taken as a whole, are not only full and complete, but were well calculated to protect every right of defendant.

Other rulings complained of were upon the admission and rejection of .evidence. The points made, however, are too trivial to merit any discussion. Suffice it to say that in no event could the rulings by any possibility have prejudiced the substantial rights of defendant in the slightest degree.

The judgment and order appealed from are affirmed.

'Allen, P. J., and James, J.. concurred.