[Crim. No. 790.   Third Appellate District.—September 16, 1924.]

## THE PEOPLE, Respondent, v. GEAN ARNAREZ, Appellant.

[1] CRIMINAL LAW—INTOXICATING LIQUORS—POSSESSION, MANUFACTURE, AND SALE — SEPARATE OFFENSES — VOLSTEAD ACT. — The offense of unlawful possession of intoxicating liquors and the manufacture of intoxicating liquors or sale for beverage purposes are separate and distinct offenses, and separate and distinct penalties for the first two offenses are fixed by the Volstead Act.

[2] ID.—UNLAWFUL MANUFACTURE OF INTOXICATING LIQUOR—INFORMATION—VERDICT.—In a prosecution for the unlawful manufacture of intoxicating liquor for beverage purposes contrary to the provisions of the Wright Act, the verdict must be responsive to the offense charged in the information.

[3] ID.—LESSER OFFENSES—EVIDENCE—INSTRUCTION.—In such prosecution, an instruction telling the jury "that if they have a reasonable doubt after considering all of the evidence in the case, as to whether or not the defendant is guilty of the offense charged, then the jury must find the defendant 'Not Guilty' of the offense charged in the information, but you may find him guilty of the lesser offenses, as herein otherwise instructed, if you find defendant guilty of such lesser offense contained within the offense charged in the indictment, as herein instructed," is not a correct statement of the law, as it informs the jury that in the first instance in order

---

2.   See 8 Cal. Jur. 402; 27 R. C. L. 852.

3.   See 8 Cal. Jur. 376, 378.

to find the defendant guilty of the offense charged in the information, they must first be satisfied of the defendant's guilt beyond a reasonable doubt, but that as to the lesser offense they were not advised of the degree of proof required and were at liberty to find the defendant guilty upon much weaker testimony; and such instruction is also misleading in that it refers to instructions elsewhere given which were not in fact given.

[4] ID.—POSSESSION—INFERENCE—EVIDENCE.—That the jury may properly infer from proof of possession of intoxicating liquor and the circumstances concerning the possession that the defendant has it for unlawful purposes, as defined in the Volstead Act, and might find the defendant guilty upon such proof without further testimony, is an entirely different matter from stating to the jury that, under mere proof of possession, the jury is bound as a matter of law to bring in a verdict of possession for unlawful purposes.

[5] ID.—PLEA OF ONCE IN JEOPARDY—PERSONAL PRIVILEGE TO BE SET UP IN TRIAL COURT.—The plea of once in jeopardy is a personal privilege to be set up by the defendant in the trial court whenever he is placed upon trial upon an information or an indictment charging him with a public offense. (Opinion on denial of rehearing.)

[6] ID.—ENTRY OF PLEA BY APPELLATE COURT—AUTHORITY.—Where, after trial upon an information charging the offense of unlawfully manufacturing intoxicating liquor, the defendant was found guilty "of the crime of unlawfully having in his possession intoxicating liquor, included within said charge of unlawfully manufacturing intoxicating liquor in violation of the Wright Act as charged in the information," and on appeal the judgment and order denying a new trial are reversed, the appellate court has no authority to enter the plea of once in jeopardy for the defendant, and then treat the cause as though it were presented to it for determination, the plea of once in jeopardy not being before it, such plea being a personal privilege belonging to defendant, which may or may not be waived by him upon subsequent proceedings had in the trial court. (Opinion on denial of rehearing.)

---

(1) 33 **C. J.**, p. 579, sec. 195 (Anno.). (2) 16 **C. J.**, p. 1103, sec. 2587; 33 **C. J.**, p. 795, sec. 552. (3) 16 **C. J.**, pp. 1005, 1006, sec. 2427, p. 1036, sec. 2477. (4) 33 **C. J.**, p. 762, sec. 505. (5) 16 **C. J.**, p. 417, sec. 760, p. 418, sec. 761. (6) 16 **C. J.**, p. 419, sec. 761.

5. See 7 Cal. Jur. 942.

6. Failure to interpose objection of former jeopardy on second trial as waiver of plea, notes, 6 Ann. Cas. 134; Ann. Cas. 1917C, 765. See, also, 7 Cal. Jur. 995; 8 R. C. L. 117.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Charles O. Busick, Judge. Reversed.

The facts are stated in the opinion of the court.

H. W. Zagoren for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—By an information filed in the superior court on the ninth day of January, 1924, the defendant was charged with the offense of unlawfully and knowingly manufacturing intoxicating liquor for beverage purposes contrary to the form, force, and effect of the statute in such cases made and provided. Thereafter the trial was had on the information and upon the conclusion thereof the jury returned the following verdict:

"We, the Jury in the above-entitled cause, find the Defendant Gean Arnarez Guilty of the crime of unlawfully having in his possession intoxicating liquor, included within said charge of unlawfully manufacturing intoxicating liquor in violation of the Wright Act (Stats. 1921, p. 79) as charged in the information."

The matter is now before this court upon the defendant's appeal from an order denying his motion for a new trial and the judgment of conviction pronounced in pursuance of the verdict herein set forth.

[1] A reference to the Volstead Act, the penal provisions of which were incorporated into the laws of this state, shows that the offense of unlawful possession of intoxicating liquors and the manufacture of intoxicating liquors or sale for beverage purposes are separate and distinct offenses, even though they are so connected that under the procedure admissible to be followed and ordinarily followed in the federal courts, said offenses are set forth in distinct and separate counts and the jury authorized to find the defendant guilty upon the particular count or counts sustained by the evidence. See *Fassolla* v. *United States,* 285 Fed. 378, in which the

defendant was prosecuted under a count charging unlawful sales and under a count charging unlawful possession.

Though not supported by any brief on file in this case, the prosecution appears to have relied upon section 1159 of the Penal Code, which reads: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that which he is charged, or of an attempt to commit the offense." It would appear from a reading of the Volstead Act (U. S. Comp. Stats., Ann. Supp. 1923, § 10138¼ et seq.; Fed. Stats. Ann. (1919), p. 197 et seq.), that the lesser offense included within the charge of manufacturing is the having in one's possession of the materials and supplies with the intent and purpose of manufacturing intoxicating liquors for beverage purposes. The offense of unlawful possession and the crime of unlawful manufacture are separately and distinctly defined in the Volstead Act and separate and distinct penalties for the separate offenses fixed and particularly set forth. We see no difference in the application of the principle concerning distinct offenses in this case from that which was applied by the federal court in the cases of *Bell* v. *United States,* 285 Fed. 145, *Massey* v. *United States,* 281 Fed. 293, *Singer* v. *United States,* 288 Fed. 695, and *Page* v. *United States,* 278 Fed. 41, where it was held, as set forth in 33 C. J. 617, that: "The offense of unlawfully possessing liquor is a distinct offense from that of the unlawful transportation of liquor, and the offense of unlawfully possessing liquor is a distinct offense from that of maintaining a nuisance for the unlawful sale of liquor."

[2] As stated by the appellant, it is elementary law that the verdict must be responsive to the offense charged in the information. (16 Cor. Jur. 1103; 8 Cal. Jur., sec. 431; *People* v. *Arnett,* 126 Cal. 680 [59 Pac. 204]; *People* v. *Murat,* 45 Cal. 281; *People* v. *Akens,* 25 Cal. App. 373 [143 Pac. 795].) At the conclusion of the testimony the court gave the jury the following instruction: "After February 1, 1920, the possession of liquors by any person not legally permitted under this title to possess liquor shall be *prima facie* evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished or otherwise disposed of in violation of the provisions of this title, and the burden of proof shall be upon the possessor in

any action concerning the same to prove that such liquor was lawfully acquired, possessed and used,'' and further: ''The Court charges the Jury that if they have a reasonable doubt after considering all of the evidence in the case, as to whether or not the Defendant is guilty of the offense charged, then the jury must find the. defendant 'Not Guilty' of the offense charged in the information, but you may find him guilty of the lesser offenses, as herein otherwise instructed, if you find defendant guilty of such lesser offense contained within the offense charged in the indictment, as herein instructed.''

So far as the lesser offense is concerned, there seems to be no instruction whatever save and except that contained in the one informing the jury as to the kind of verdict which they might return and which included the form of verdict which we have heretofore set forth in full. [3] The portion of the instruction just quoted relating to the lesser offense was added to the instruction by the trial court and, as it is worded, even if applicable to this case, is not a correct statement of the law, as it informs the jury that in the first instance in order to find the defendant guilty of the offense charged in the information, they must first be satisfied of the defendant's guilt beyond a reasonable doubt, but that as to the lesser offense they were not advised of the degree of proof required and were at liberty to find the defendant guilty upon much weaker testimony. The instruction is also misleading in that it refers to instructions elsewhere given which were not in fact given.

This court in the case of *People* v. *Mattos,* 67 Cal. App. 346 [227 Pac. 974], had occasion to express its views as to the portion of the Volstead Act incorporated into our laws by what is popularly known as and called the Wright Act. We there said:

''At the request of the People the court gave to the jury the following instruction: 'After February 1, 1920, the possession of liquors by any person not legally permitted under this title to possess liquor shall be *prima facie* evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished or otherwise disposed of in violation of the provisions of this title, and the burden of proof shall be upon the possessor in any action concerning

the same to prove that such liquor was lawfully acquired, possessed and used.'

"This instruction should not have been given. The act of the legislature commonly known as the Wright Act adopted only the penalties of the act of Congress commonly known as the Volstead law. The instruction above given is to all intents and purposes a literal wording of one of the sections of the Volstead Act in relation to procedure in federal courts. It was not adopted into our system of procedure by the Wright Act and is not a correct statement of the law of this state."

The ruling of this court in the Mattos case was approved in the case of *People* v. *Silva*, 67 Cal. App. 351 [227 Pac. 976], and a number of additional authorities cited in support of such holding. [4] That the jury may properly infer from proof of possession of intoxicating liquor and the circumstances concerning the possession that the defendant has it for unlawful purposes, as defined in the Volstead Act, and might find the defendant guilty upon such proof without further testimony, is an entirely different matter from stating to the jury that, under mere proof of possession, the jury is bound as a matter of law to bring in a verdict of possession for unlawful purposes. But, be this as it may, the question of possession was not involved in this action and we refer to this instruction only for the purpose of aiding the trial court in any future proceedings that may be had in this case. The order and judgment appealed from in this case are reversed and the cause remanded for a new trial.

Hart, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 16, 1924, and the following opinion then rendered thereon:

THE COURT.—The appellant in this action petitions for a rehearing herein, also, for a reconsideration of its judgment in this action, and for an order directing the lower court to discharge the defendant in lieu of remanding the cause for a new trial. This contention is based upon the

theory that the defendant has been once placed in jeopardy and cannot again be retried.

It is evident from what we have said in our former opinion in this case that the verdict of the jury and the sentence or judgment of the court pronounced thereupon are mere nullities, and there can be no retrial of the issue attempted to be decided by such verdict and judgment and that the order of this court should have read and is hereby amended to read "judgment and order appealed from reversed." This, however, does not dispose of the information still on file with the trial court charging the appellant with the offense of unlawfully manufacturing intoxicating liquors. The record in this case now before us would lead to the conclusion that the jury was discharged after rendering the verdict to which our original opinion has been directed, without any consent on the part of the defendant, and that the provisions of section 1140 of the Penal Code would apply to any subsequent proceeding upon the information filed against the defendant in this cause. [5] The application of that section, however, cannot be made by this court at this time for the simple reason that the plea of once in jeopardy is a personal privilege to be set up by the defendant in the trial court whenever he is placed upon trial upon an information or an indictment charging him with a public offense. We cannot assume in advance that the defendant will make such a plea or that the trial court will not sustain such plea, if set up by the defendant. The case of *People* v. *Arnett,* 129 Cal. 306 [61 Pac. 930], shows that the plea of once in jeopardy must be set up by the defendant in the trial court and that it came up for consideration in the supreme court after having been passed upon by the court below.

[6] The plea of once in jeopardy not being before us, and that plea being a personal privilege belonging to the defendant, which may or may not be waived by him upon subsequent proceedings had in this cause in the trial court, we have no authority to enter the plea of once in jeopardy for the defendant on this appeal, and then treat the cause as though it were presented to us for determination. For the reasons stated above, the order of this court remanding said cause will be modified as above stated, and the petition for a rehearing and for the discharge of the defendant will be, and the same is hereby, denied.