[Crim. No. 883. Third Appellate District.—March 11, 1926.]

THE PEOPLE, Respondent, v. PAT MULLALY, Appellant.

[1] CRIMINAL LAW—POSSESSION OF INTOXICATING LIQUOR—PRIOR CONVICTION—EVIDENCE—VERDICT—APPEAL.—In a prosecution under an information charging the defendant with the offense of unlawful possession of intoxicating liquor and alleging that prior to the commission thereof he was duly convicted of the offense of unlawfully having intoxicating liquor in his possession, where the defendant took the witness-stand and denied practically everything stated by the witnesses for the prosecution except that his premises were searched, the implied findings of the jury contained in their verdict of guilty are conclusive against him upon such conflicting evidence.

[2] ID.—EVIDENCE OF PRIOR SALES—ADMISSIBILITY OF.—In such prose-cution, evidence of sales of intoxicating liquor made by defendant prior to the time of the offense charged was admissible as tending to show that the liquor found on the premises belonged to de-fendant; and such evidence also tended to show that defendant's possession thereof was for an unlawful purpose.

[3] ID.—PRIOR CONVICTION—SECTION 1025, PENAL CODE—CONSTRUCTION OF.—Under section 1025 of the Penal Code, which provides that, where a previous conviction is charged, if the defendant "an-swers that he has suffered the previous conviction, the charge of the previous conviction must not be read to the jury, nor alluded to on the trial," it is the previous conviction, not the evidence upon which such conviction was had, which must not be "alluded to on the trial"; and the mere fact that evidence which is ma-terial to the crime charged may disclose the commission of another crime by defendant is no objection to its admission.

[4] ID.—SALE OF LIQUOR—INSTRUCTIONS.—In such prosecution, the rights of defendant could not have been prejudiced by an instruc-tion upon the law applicable to the sale of intoxicating liquor, where any sale made by him must have been unlawful.

[5] ID.—LICENSE—PRESUMPTIONS—INSTRUCTIONS—DEFENSE.—In such prosecution, an instruction that "upon proof by the prosecution beyond a reasonable doubt that the defendant had possession of said intoxicating liquor, and for an unlawful purpose such as the unlawful sale thereof, the burden of proving any license or permit authorizing the defendant to have said intoxicating liquor in his possession, is upon the defendant, as any such permit, if in existence, is a matter peculiarly within the knowledge of the defendant; and if under such circumstances, and after such proof by the prosecution, the defendant fails to prove or produce any such permit or authority to have such intoxicating liquor in his possession, you are to presume that the defendant has no such permit or authority," could not have affected the result of the trial, where defendant's sole defense was that he did not have possession of the liquor at all, and the circumstances proved were such as to show conclusively that, if he did have the liquor, his possession thereof was unlawful.

[6] ID.—PREVIOUS SALES—INSTRUCTIONS—INTENT—EVIDENCE.—In such prosecution, evidence of previous sales of liquor by defendant was admissible for the purpose of showing that the liquor found on defendant's premises was in defendant's possession; and an in-struction requested by defendant to the effect that proof of previous sales of liquor by defendant "will be considered by you only for the purpose of showing a wilful intent . . . on the part

2. Evidence of other offenses in prosecution for violation of li-quor law, notes, 3 A. L. R. 1555; 22 A. L. R. 1020; 27 A. L. R. 358.

of the defendant to commit the offense charged in the informa-
tion, and not as evidence of the commission of the offense charged
in the information, . . . and if the prosecution has not proved
beyond a reasonable doubt that such other offenses show a wilful
intent on the part of the defendant to continue to violate the
law, then it is your duty not to take into consideration at all any
other offenses," was properly refused.

(1) 17 C. J., p. 264, n. 89.   (2) 16 C. J., p. 605, n. 16 New.   (3) 16
C. J., p. 588, n. 8.   (4) 17 C. J., p. 339, n. 64.   (5) 17 C. J., p. 341,
n. 84.   (6) 16 C. J., p. 1005, n. 54.

APPEAL from a judgment of the Superior Court of
Stanislaus County and from an order denying a new trial.
L. W. Fulkerth, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. B. Jennings and T. F. Griffin for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones,
Deputy Attorney-General, for Respondent.

FINCH, P. J.—The information herein charges the de-
fendant with the offense of unlawful possession of intoxicat-
ing liquor and alleges that prior to the commission thereof
he was "duly convicted of the offense of unlawfully having
intoxicating liquor in his possession." He admitted the
prior conviction and was convicted of the offense charged.
This appeal is from the judgment and the order denying
a new trial.

At the time of the alleged offense the defendant was con-
ducting a hotel. On the twenty-third day of February,
1925, between 8 and 10 o'clock P. M., a deputy sheriff, a
constable, and two city marshals duly searched the defend-
ant's hotel and the premises adjacent thereto. From their
testimony it appears that there was a bar in the hotel at
which soft drinks were served. There was a tank-house
about 15 or 20 feet from the rear of the hotel, and a barn,
in which defendant had been keeping his horses, estimated
to be from 75 to 150 feet diagonally from the rear of the
hotel. In the kitchen they found a flask containing a small
quantity of jackass brandy and there was a strong odor
of the same kind of liquor in a bucket of water behind the

bar and also in some glasses at the same place. In the tank-house they found two bottles containing a "very, very little" of the same kind of liquor. Three bottles of wine were found in the barn. There were many empty bottles and jugs in the tank-house and in the back yard. One of the city marshals testified as follows relative to the actions of defendant during the search: "I went in the hotel after I had been in the back yard, and he was wandering around from one room to the other and didn't seem to be anybody keeping track of him, so I kind of kept track of him. . . . He went from one room to another, trying to chase a dog out of the house. . . . He finally left the dog in the bar room and . . . he went out through the hallway, into the dining room and from the dining room to the kitchen and out the back screen door. . . . When he went out the back door, he started on a run . . . and I kept as near to him as I could, and he reached down in the yard and grabbed a bottle and ran a little further . . . and then he threw the bottle and I heard the crash and in an instant I smelled the liquor. I asked him, . . . 'Pat, what did you throw at?' He says, 'The . . . dog.' I says, 'There ain't no dog there.' He says, 'Yes, there was.' I says, 'You broke the bottle.' 'I didn't break no bottle,' he says. Q. Where was the dog at that time? A. In the hotel. . . . The side of the building and brick was wet and broken glass there was wet. . . . Q. And did you smell anything on the bottle? A. Yes, sir. . . . What is known as jackass brandy." Others of the officers testified that they heard the crash of the bottle when it was thrown and that the liquid therefrom was jackass brandy. Three previous sales of intoxicating liquor by defendant were proved. At the first sale he went out the rear door to get the liquor and was gone "just a few minutes." He took the liquor from the barn for the second sale and from behind the bar for the third. The defendant took the witness-stand and denied practically everything stated by the witnesses for the prosecution except that his premises were searched. [1] The implied findings of the jury are conclusive against him upon such conflicting evidence.

[2] Appellant contends that it was error to admit evidence of sales made by him prior to the time of the alleged offense. Such evidence was admissible as tending to show

that the liquor found in the barn and in the tank-house belonged to defendant. (*People* v. *Buttulia,* 70 Cal. App. 444 [233 Pac. 401].) It also tended to show that defendant's possession thereof was for an unlawful purpose. Appellant's specific contention is that these sales "were included in offense . . . for which he had suffered a previous conviction" as charged in the information and for that reason "should not have been alluded to on the trial."

[3] Section 1025 of the Penal Code provides that, where a previous conviction is charged, if the defendant "answers that he has suffered the previous conviction, the charge of the previous conviction must not be read to the jury, nor alluded to on the trial." Clearly it is the previous conviction, not the evidence upon which such conviction was had, which must not be "alluded to on the trial." The mere fact that evidence which is material to the crime charged may disclose the commission of another crime by defendant is no objection to its admission.

[4] Appellant contends that the court erroneously instructed the jury upon the law applicable to the sale of intoxicating liquor. Under no provision of the law could the defendant have made a lawful sale of such liquor at his place of business. It follows that any sale made by him must have been unlawful and, therefore, his rights could not have been prejudiced by the instruction. (*People* v. *Silva,* 67 Cal. App. 351, 357 [227 Pac. 976].)

[5] The court instructed the jury as follows: "The Court instructs you that upon proof by the prosecution beyond a reasonable doubt that the defendant had possession of said intoxicating liquor, and for an unlawful purpose such as the unlawful sale thereof, but burden of proving any license or permit authorizing the defendant to have said intoxicating liquor in his possession, is upon the defendant, as any such permit, if in existence, is a matter peculiarly within the knowledge of the defendant. And if under such circumstances, and after such proof by the prosecution, the defendant fails to prove or produce any such permit or authority to have such intoxicating liquor in his possession, you are to presume that the defendant has no such permit or authority."

The instruction, in part at least, is not in harmony with the law as stated in *People* v. *Pagni,* 69 Cal. App. 94 [230 Pac. 1001], *People* v. *Arnarez,* 68 Cal. App. 645 [230 Pac.

193], *People* v. *Silva, supra,* and *People* v. *Mattos,* 67 Cal. App. 346 [227 Pac. 974]. In the Arnarez case it is said: "That the jury may properly infer from proof of possession of intoxicating liquor and the circumstances concerning the possession that the defendant has it for unlawful purposes, as defined in the Volstead Act, and might find the defendant guilty upon such proof without further testimony is an entirely different matter from stating to the jury that, under mere proof of possession, the jury is bound as a matter of law to bring in a verdict of possession for unlawful purposes." There was no pretense at the trial, however, that the defendant had the liquor lawfully or for a lawful purpose. His sole defense was that he did not have possession of the liquor at all, and the circumstances proved were such as to show conclusively that, if he did have the liquor, his possession thereof was unlawful. The instruction, therefore, could not have affected the result of the trial.

[6] The court refused to give an instruction requested by defendant to the effect that proof of previous sales of liquor by defendant "will be considered by you only for the purpose of showing a wilful intent . . . on the part of the defendant to commit the offense charged in the information . . . and not as evidence of the commission of the offense charged in the information, . . . and if the prosecution has not proved beyond a reasonable doubt that such other offenses show a wilful intent on the part of the defendant to continue to violate the law, then it is your duty not to take into consideration at all any other offenses." Such evidence was admissible for the purpose, not stated in the proposed instruction, of showing that the liquor found in the barn and in the tank-house was in defendant's possession. The instruction, therefore, was properly refused. In other instructions the court told the jury that the defendant was not on trial for and could not be convicted of such prior sales.

There is no prejudicial error shown by the record. The evidence against defendant is strong and convincing and his guilt is abundantly proved.

The judgment and the order are affirmed.

Plummer, J., and Hart, J., concurred.