[Crim. No. 1595. Second Appellate District, Division One.—April 25, 1928.]

THE PEOPLE, Respondent, v. TOM MITSUNAGA, Appellant.

William R. McKay for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and Clarence H. Wilson, Deputy District Attorney, for Respondent.

WOOD (W. J.), J., *pro tem.*—Appellant was accused by information filed by the district attorney of Kings County of the crime of possession of a still used in the manufacture of intoxicating liquor. Following his conviction by a jury he filed motions for a new trial and in arrest of judgment. He now appeals from the orders of the court denying these motions and from the judgment.

Appellant contends that the evidence is insufficient to support the verdict and that the *corpus delicti* was not proved. These contentions may be considered together. By the evidence presented by the prosecution it was established that defendant was arrested in the night-time when he was the sole occupant of a house near the city of Hanford, in which there was, according to the testimony of the arresting officer, "one complete still; 39 quarts of 'jackass'; about 15 empty sacks—just a minute; about 15 sacks of empty bottles; two bottlers, or rather, cappers, two machines for putting caps on bottles; two funnels, one glass, that is, one glass funnel, I mean; one full barrel of Egyptian corn, rye and sugar mash; two barrels partly filled; one barrel filled with water; one 10 gallon earthen jar; one 15 gallon earthen jar; one one gallon glass jug. When the officers approached the house a light was burning, but the light was extinguished as

soon as the officers drove up. The front door was locked. A new padlock, which was on the outside of the back door on the day before the visit of the officers, had been removed, but the door was locked from the inside. The defendant had been in the house on the occasion of a previous visit by the officers. Upon their arrival on the occasion of the arrest the officers announced who they were and what their business was, and called out to anybody who might be in the house to open the door. There being no response to this request the officers tried to open the back door with a pass-key, but failed, and finally "pinched it open with a jimmy." In the house they found the defendant standing in the dark facing away from the back door. George F. Bohlken, a chemist, testified that five bottles or jars of liquor which he took from the thirty-nine different containers indiscriminately were intoxicating liquor containing from forty to forty-five per cent of alcohol by volume. He also testified that the still introduced in evidence contained all the essential elements of an apparatus for distilling intoxicating liquors. Counsel for appellant argues that the facts shown are consistent with the innocence of the accused. If this be conceded, it does not necessarily follow that the facts are insufficient to support the verdict. In *People* v. *Martinez,* 20 Cal. App. 343 [128 Pac. 652], the court said: "Where the circumstances are such as to reasonably justify an inference of guilt, as found by the jury; the fact that an inference of innocence might likewise be reasonably drawn therefrom does not present a question of law for review by an appellate court any more than does a verdict based upon direct conflicting evidence. . . . It is only where the evidence obviously does not warrant the inference of guilt that the court will interfere." In the case at bar there is abundant justification for the inference of guilt drawn by the jury.

 The sheriff being disqualified, the county coroner by order of the court summoned jurors to serve at the trial. Defendant presented a motion for the discharge of the entire panel upon the ground that the relation of landlord and tenant existed between the coroner and Clarence H. Wilson, the deputy district attorney who prosecuted the case. The ruling of the court denying this motion was not erroneous. Section 1064 of the Penal Code provides that "when the

panel is formed from persons whose names are not drawn as jurors, a challenge may be taken to the panel on account of any bias of the officer who summons them, which would be good ground of challenge to a juror." Section 1074 of the same code provides that a juror may be challenged if he stands in the relation of landlord and tenant with the defendant or person alleged to be injured by the offense charged, or on whose complaint the prosecution was instituted. No provision is made for a challenge for implied bias based upon a relationship with an attorney for a party. See order denying a hearing by the supreme court in *People* v. *Conte,* 17 Cal. App. 788 [122 Pac. 450, 457].

Appellant contends that the trial court should have granted his motion to set aside the information on the ground that the defendant had not been legally committed by a magistrate, asserting that there was no evidence adduced at the preliminary examination to warrant the commitment for trial in the superior court. It was held in *People* v. *Creeks,* 170 Cal. 368 [149 Pac. 821], that a writ of *habeas corpus,* if timely sought, is the only remedy available in such a situation, and that the reason stated by defendant is "not included in the grounds specified in the statute for the setting aside of the information."

George F. Bohlken, after qualifying as an expert, was allowed over the objection of the defendant to state his opinion to the effect that the apparatus introduced in evidence (the still) would produce intoxicating liquor. The ruling was correct. In 10 California Jurisprudence, 959, we find this statement: "There are two classes of cases in which expert testimony is admissible. To one class belong those cases in which the conclusions to be drawn by the jury depend on the existence of facts which are not common knowledge and which are peculiarly within the knowledge of men whose experience and study enables them to speak with authority upon." The court was justified in holding that our citizenship does not have common knowledge of the workings of a still for the manufacture of intoxicating liquor.

After a large part of the evidence had been received defendant moved the court to strike out the testimony admitted on the ground that, as alleged, the court had no jurisdiction, it appearing from the clerk's filing marks that

the information had been filed seventeen days after the commitment by the magistrate. The court properly denied the motion. The legislature of 1927 [Stats. 1927, p. 1045], amended section 809 of the Penal Code by providing that it shall be the duty of the district attorney to file an information within fifteen days after the commitment instead of thirty days, the time fixed before the amendment. The legislature did not, however, amend section 1382, which provides that the court must "unless good cause to the contrary is shown," order the dismissal of a prosecution if an information is not filed within *thirty* days. ▮ Moreover, the motion was not seasonably or properly made. In cases where dismissals would be proper under this provision of the code, motions for such action by the court should be made before trial. (*People* v. *Newell,* 192 Cal. 659 [221 Pac. 622]; *People* v. *Hawkins,* 127 Cal. 372 [59 Pac. 697]; *Ex parte Apakean,* 63 Cal. App. 438 [218 Pac. 767].)

▮ Appellant contends that the trial court erred in failing to instruct the jury that the defendant need not be a witness in his own behalf and that his failure to be a witness should not be considered against him. The record discloses that no request was made for these instructions. It is well settled that defendant cannot complain before the reviewing court of the failure of the trial court to give the instructions referred to if no request was made at the trial. (*People* v. *Flynn,* 73 Cal. 511 [15 Pac. 102]; *People* v. *Rogers,* 163 Cal. 476 [126 Pac. 143].)

The judgment and order denying a new trial are affirmed. The appeal from the order denying a motion in arrest of judgment is dismissed.

Conrey, P. J., and Houser, J., concurred.