[Crim. No. 1502. First Appellate District, Division One.—October 29, 1928.]

## THE PEOPLE, Respondent, v. TONY MEDALGI, Appellant.

Lindsay & Gearhart and Carl E. Lindsay for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

KNIGHT, J.—Appellant was charged with having unlawfully possessed intoxicating liquor and with having been previously convicted twice of like offenses. He entered a plea of not guilty to the present charge, but admitted the prior convictions, and upon trial the jury found him guilty. He has appealed from the judgment of conviction, and the first point urged for reversal is that the evidence is insufficient to sustain the verdict.

The main facts upon which the verdict is grounded are as follows: On the afternoon of April 4, 1928, two police officers of the city of Fresno, accompanied by a private detective, and acting under the authority of a search-warrant, visited appellant's premises in Fresno for the purpose of searching the same for illicit liquor. After knocking at the front door and receiving no response, they forcibly entered the house wherein they found three women, two men, and some children. Appellant was not there at that

time. Upon searching the premises the officers found a pint flask partly filled with liquor, under the steps attached to the rear of the house. One of the women present in the house at the time, but who resided next door, asserted that the liquor belonged to her. Continuing their search the officers discovered a gallon demijohn and a pint flask filled with an intoxicating liquor called "jackass brandy," hidden underneath a movable floor of a dog-house to which a dog was tied, located in the yard about ten feet to the rear of the dwelling. Before the officers left the premises appellant drove up in his automobile, but he denied ownership of the liquor or that he knew that it was there. At the trial he admitted owning and occupying the premises, also that he parked his car in the yard thereof, but denied ownership of the dog or the dog-house, stating that they belonged to "somebody else." Evidence was adduced to show, however, that appellant, assisted by a man named Helmuth, built the dog-house less than two weeks prior to the discovery of the liquor underneath the floor thereof; and other evidence was introduced tending to prove that appellant owned the dog. It appears also from the testimony that prior to the discovery of the liquor under the dog-house appellant was arrested on several occasions, and Helmuth once, for "bootlegging" on these same premises. The foregoing evidence, when considered with the other incidental circumstances disclosed by the record, is legally sufficient, in our opinion, to sustain the verdict.

Appellant cites the rule announced by several federal cases to the effect that possession of liquor, as of other instruments and fruits of crime, involves the elements of knowledge, dominion, and control, with plenary power of dispossession in the alleged possessor; and in this connection he contends that none of those elements was established, it being argued with respect thereto that anybody, including any one of the five adults found in the house at the time of the "raid," might have placed the liquor under the floor of the dog-house. But as said in *People* v. *Buttulia*, 70 Cal. App. 444 [233 Pac. 401], "Whether or not the liquor had been placed there by the defendant was a question of fact for the jury . . . ," and as stated in *People* v. *Martinez*, 20 Cal. App. 343 [128 Pac. 952], afterward quoted approv-

ingly in *People* v. *Mitsunaga*, 91 Cal. App. 298 [266 Pac. 1020], ''Where the circumstances are such as to reasonably justify an inference of guilt, as found by the jury, the fact that an inference of innocence might likewise be reasonably drawn therefrom does not present a question of law for review by an appellate court any more than does a verdict based upon direct conflicting evidence . . . and it is only where the evidence obviously does not warrant the inference of guilt that the court will interfere.'' ▮ Conceding, therefore, that appellant's denial of the ownership of the liquor, if believed and accepted by the jury, would have been enough to exonerate him, still, the facts and circumstances above related, upon which the jury's verdict was mainly grounded, are not, in our opinion, so wanting in persuasive force nor so inherently weak as to justify this court in declaring, as a matter of law, that the conclusion reached by the jury as to appellant's guilt is devoid of any reasonable support (*People* v. *Hay*, 74 Cal. App. 464 [241 Pac. 275]). The facts of the present case are not only similar to but even stronger than those of *People* v. *Buttulia*, *supra*, wherein the defendant was charged with the illegal possession of illicit liquor and the judgment of conviction was affirmed, for there the liquor was not found upon the defendant's premises but was found buried on a vacant lot adjoining his house; whereas here the liquor was found on premises admittedly owned and occupied by appellant, hidden under the movable floor of a dog-house which appellant had personally constructed a short time prior to the finding of the liquor. In the case last cited, ''the prosecution introduced evidence of numerous sales, some of them on the day charged in the information, from which the jury was asked to infer that the defendant possessed the liquor, exercised control over it and did so for an illegal purpose.'' And with reference to the admissibility of such evidence, the court said: ''It is clear that if the defendant was making a practice of selling liquor, that fact would tend to show that he was responsible for placing the liquor where it was found, adjoining his home, and would also tend to prove that his constructive possession of such liquor was for an illegal purpose.'' It would appear, therefore, that the evidence in the present case to the effect that

appellant had been arrested more than once for "bootlegging" on these same premises would tend to prove the criminal ingredients above mentioned.

The testimony establishing the fact that appellant had been arrested before for like offenses committed on the same premises and that the place had been previously "raided" was developed on the cross-examination of one of the police officers, in response to questions propounded by counsel for appellant in an endeavor to ascertain when prior to the present "raid" the officer had visited the premises, and appellant contends that the answers thus given were not only inadmissible but that the giving of the same constituted prejudicial misconduct. Under the ruling in *People* v. *Buttulia, supra,* it would seem that the testimony was proper, but aside from the question of its admissibility, the record discloses that with but few exceptions appellant allowed the answers to stand without objecting or excepting thereto, or without asking that the answers be stricken out or assigning the giving of the same as misconduct; and that in the few instances where motions were made to strike out objectionable answers no assignment of misconduct was made, and the court promptly granted the motions and ordered the testimony stricken out. Even though it be assumed, therefore, that the answers to which appellant at the time did object were improper, appellant is not allowed to complain of the prejudicial effect thereof for the first time on appeal because it has been repeatedly held that to warrant a reversal for misconduct the record must show that proper assignments of error were made at the time the asserted misconduct occurred, so as to enable the trial court to remedy the matter by appropriate instructions (*People* v. *Buttulia, supra,* and cases therein cited).

At respondent's request the court gave to the jury an instruction amplifying the definition of reasonable doubt as set forth in section 1096 of the Penal Code as amended in 1927 (Stats. 1927, p. 1039) ; and appellant contends that the effect of said amendment and of the new section, 1096a, enacted at the same time, was to preclude the trial court from giving any instruction upon the subject of reasonable doubt or presumption of innocence other than to read the

definition embraced in said section 1096. It is doubtless true, as appellant asserts, that prior to the changes in the code above mentioned it had been the usual practice for the trial court to give elaborate instructions upon the doctrine of reasonable doubt and presumption of innocence, which often resulted in confusion and error; and that it was to relieve such burdensome situation that the legislature in 1927 defined reasonable doubt and enacted section 1096 (a), which provides that in "charging a jury, the court may read to the jury section 1096 of this code and no further instruction on the subject of presumption of innocence or defining reasonable doubt *need be given*" (italics ours). But it will be observed that the provisions of the section last above quoted do not declare that no further instructions "shall be given," merely that no further instructions "need be given"; and consequently said section does not restrict the trial court to a reading of the definition given in section 1096. In other words, it is optional with the trial court whether or not it will give further instructions. Therefore, since appellant does not question the correctness of the amplifying instruction given herein, the fact that it was given in addition to the definition set forth in said section 1096 did not constitute error.

█ Appellant assigns as error the giving of the following instruction: "You are instructed that in this class of offenses the intent is presumed from the doing of the act, that is, the mere doing of the act is sufficient to constitute the offense." If by said instruction the court meant that mere proof of possession of intoxicating liquor was sufficient to constitute the offense without further proof that it was possessed for unlawful purposes, the instruction was erroneous. (*People v. Silva*, 67 Cal. App. 351 [227 Pac. 976]; *People v. Mattos*, 67 Cal. App. 346 [227 Pac. 974]; *People v. Arnarez*, 68 Cal. App. 645 [230 Pac. 193]; *People v. Mullaly*, 77 Cal. App. 60 [245 Pac. 811].) However, as in *People v. Mullaly, supra*, there was no pretense at the trial that the appellant had the liquor lawfully or for a lawful purpose. His sole defense was that he did not have possession of the liquor at all, and the circumstances proved were such as to show conclusively that, if he did have the liquor, his possession

thereof was unlawful. The instruction, therefore, could not have affected the result of the trial.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 28, 1928.