[Crim. No. 1509.  First Appellate District, Division One.—December 31, 1928.]

THE PEOPLE, Respondent, v. ANDREW H. HECTOR, Appellant.

A. A. Montagne and Scott & Pioda for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

KNIGHT, J.—The appellant, Andrew H. Hector, was charged by information with having committed the crime of an assault with a deadly weapon with intent to murder, and two prior convictions for burglary. Besides admitting the prior convictions he entered two pleas, not guilty and not guilty by reason of insanity. The trial upon the first issue resulted in a verdict of guilty of an assault with a deadly weapon, and upon the trial on the issue of his sanity, the jury found him "sane at the time the offense charged in the information was committed." The appeal is taken from the judgment of conviction, and no point is made in appellant's briefs with regard to the trial on the issue of sanity.

The crime of which appellant was convicted is alleged to have been committed on H. O. Fisher, who was a police officer. Appellant admits having fired a shot from the loaded revolver he was carrying on his person, but claims, first, that he shot at a dog which was about to attack him; and, secondly, that even though he shot at the officer, the circumstances under which the shooting took place justified him in shooting in self-defense.

The essential facts appearing from the evidence in support of the verdict are as follows: Fisher and a fellow officer named Tice, who were in civilian clothes, were patrolling the streets in an automobile, and while driving slowly along Twentieth Street near Franklin Street in Oakland on May 29, 1928, at about 10:15 o'clock at night, saw two men, who afterward proved to be appellant and a companion named Shepherd, on the south side of Twentieth Street between Franklin and Broadway, feeling the handles of the automobiles parked along there and looking inside of them. Tice got out at Franklin Street and watched them, walking toward them. In the meantime Fisher turned around and came back up the street to Twentieth and Franklin, and as he did so the two men crossed Twentieth Street to the

north side thereof behind Fisher's automobile and went over to the northwest corner of the intersection of Franklin and Twentieth Streets, and then crossed diagonally to a parking station which was situated on the east side of Franklin Street about fifty feet south of Twentieth. Fisher picked up Tice and drove into the parking station, and turned his headlights on the two men, who were standing by a small car in the station. As the lights fell on the men they ran to the front of the small car, and Officer Tice jumped out of the police automobile and said: "Throw up your hands, boys, and stand still—I am a police officer," or words to that effect. He walked toward them, and appellant started to run between the cars. Tice called to him to stop, and instantly Shepherd tried to draw a pistol, but Tice took it away from him and placed him under arrest. In the meantime Tice called to Fisher that appellant was running toward the back of the lot and to go after him; whereupon Fisher got out of the car and took up the pursuit of appellant, firing a shot at him as he ran. Appellant, then being about twenty-five feet from a fence in the back of the lot, fired back. He kept running toward the fence and Fisher fired another shot at him, and just as appellant made his escape over the fence he fired a second shot at Fisher. Thereupon Fisher returned to the automobile and with Tice and Shepherd started to find appellant. They overtook him on Nineteenth Street, and he crossed to and went down Alice Street. The officers drove near the curb and flashed their spotlight on him, and he dodged behind an automobile parked there and drew his pistol. Having Shepherd with them, the officers proceeded on to the nearest telephone to report the matter to the Central Station and call for assistance. Thereafter a search was made in the vicinity for appellant, but he was not found. Later in the evening five police officers, including Tice and Fisher, went to appellant's room in the Eureka Hotel on Seventh Street, and one of them knocked on the door. Appellant from within asked, "Who is it?" and the officer said: "Some friends that want to talk to you." Appellant replied: "Wait till I put my trousers on and I will open the door." Immediately following this remark Officer Tice, who in the meantime had gone down the hall, saw a figure disappear over the sheds at the rear of the hotel. The officers then forced their way

into the room and found that appellant had made his escape through the open window. Subsequently they searched a rooming-house on Sixth Street, and although appellant did not room there, he was found lying on a bed in one of the rooms. Upon searching the bed the police found a pistol which resembled the one used by the appellant earlier that evening. It was in the bed in a position about opposite appellant's knees, and contained four loaded cartridges and one empty. He was thereupon placed under arrest.

Appellant became a witness in his own behalf, and according to his testimony the shooting occurred as follows: He stated that he was riding with Shepherd in the latter's automobile, and that when they reached a point opposite the parking station they stopped and went in there looking for a lavatory; that as they reached the rear of the lot a car drove in from the street and the driver threw the headlights on them; that someone jumped out of the car and said, "Throw up your hands or I will shoot you," or something to that effect, but on account of the lights appellant could not see whether or not the men were in uniform. Immediately, he said, he ran for the rear fence, and as he jumped the fence two shots were fired in his direction; that as he landed on the other side of the fence a large dog raised up in a vicious manner as if to bite him, and that he put his pistol down close to the dog's head and fired one shot, and then ran on. He further stated that he ran away because he believed he was about to be "held up," and that later when he was overtaken down the street he tried to get out of the way because he thought the same people were after him who had shot at him in the parking station.

On cross-examination and by way of impeachment evidence it was shown that in 1920 appellant was convicted of burglary in San Francisco and served three years in San Quentin; that in June, 1923, he was convicted of burglary in Santa Barbara County and served five years in the same prison; and that during the week preceding his present trial he was convicted in Alameda County of robbery.

■ It is apparent that three distinct theories were presented by the foregoing evidence: First, that appellant did not shoot at the officer at all; secondly, that, not being a wrongdoer himself, he believed he was about to suffer serious bodily injury as the victim of a robbery and therefore shot

in self-defense; and third, that he was engaged in the commission of a crime or an attempt to commit one, and that in order to escape arrest he shot at the officer who was about to apprehend him.

As said in *People* v. *Martinez*, 20 Cal. App. 343 [128 Pac. 952], afterward quoted approvingly in *People* v. *Mitsunaga*, 91 Cal. App. 298 [266 Pac. 1020], "Where the circumstances are such as to reasonably justify the inference of guilt, as found by the jury, the fact that an inference of innocence might likewise be reasonably drawn therefrom does not present a question of law for review by an appellate court any more than does a verdict based upon direct conflicting evidence, . . . and it is only when the evidence obviously does not warrant the inference of guilt that the court will interfere."

Here, the members of the jury, being the sole judges of the facts and of the credibility of the witnesses, doubtless rejected the story told by appellant and found in accordance with the testimony relied upon by the prosecution, and in our opinion the evidence is legally sufficient to sustain their conclusion, for, briefly stated, it shows that appellant, at 10 o'clock at night, having been twice convicted of burglary and carrying a loaded pistol, which in itself constituted a felony (Stats. 1923, p. 695), was discovered by police officers in the pursuit of their duty tampering with a number of automobiles parked along a public street, from which it may be fairly inferred that appellant was about to commit a theft; that after being informed of the identity of the officers and called upon to halt, he shot at one of them in order to escape. Clearly, under such circumstances, it cannot be successfully maintained that he shot in self-defense.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 28, 1929.

All the Justices concurred.