[Crim. No. 2193. Second Appellate District, Division Two.—October 25, 1932.]

THE PEOPLE, Respondent, v. CHRIS L. KNEILING, Appellant.

Thomas Higgins, Jr., for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CRAIG, Acting P. J.—Upon charges of arson and burning insured property the appellant was found guilty by a jury. He was also charged with having previously been convicted of a felony and of having served a sentence therefor, which latter charge he admitted. He appealed from the judgments entered upon said verdicts and from an order denying a motion for a new trial.

The sole ground assigned for a reversal consists of a criticism of the sufficiency of the evidence, it being earnestly contended that the evidence was entirely circumstantial. It appeared that the appellant resided upon the premises which were burned, but that he was absent therefrom at the time of the occurrence in controversy, and was manager thereof for a co-defendant, who was charged with and found guilty of the same offenses. Bedding, clothing or remnants thereof, and a large quantity of newspapers, saturated with gasoline were burning in rooms, closets and in the attic. A small opening through the ceiling to said attic would not permit a person the size of his co-defendant to pass. The appellant was located, was returned to the building, and the keys to rooms and closets then burning were taken from his person. Plaster had been removed from lath in numerous places by a knife which he identified as his property, and fragments of plaster and lath were found upon his clothing when he was examined. This and much other evidence which need not be recited was before the jury, which rendered the verdicts of which complaint is made, tending to connect the appellant with the offenses.

Circumstantial evidence may be as convincing in its force and as conclusive as the testimony of witnesses to an

overt act. (*People* v. *Nagy*, 199 Cal. 235 [248 Pac. 906].) "Arson, like other crimes, may and frequently must be, proved by circumstantial evidence. . . . The law does not require, in order to justify the inference of legal guilt in cases of circumstantial evidence, that the existence of inculpatory facts must be absolutely incompatible with the innocence of the accused, and incapable of explanation upon any other reasonable hypothesis than that of guilt. The true rule is that the facts shall not only be consistent with the guilt of the accused, but inconsistent with any other rational conclusion." (*People* v. *Lepkojes*, 48 Cal. App. 654 [192 Pac. 160].) ██ An appellate court may not invade the province of the jury to say as a matter of law that any substantial evidence was insufficient to convince reasonable, fair and impartial men of the existence or non-existence of a fact. It has no power to set aside a verdict unless it clearly appears that upon no hypothesis whatever is there sufficient substantial evidence in the record to support it. (*People* v. *Floris*, 93 Cal. App. 334 [269 Pac. 726].)

The judgments and order denying a new trial are affirmed.

Thompson (Ira F.), J., and Stephens, J., *pro tem.*, concurred.