[Civ. No. 147.  First Appellate District.—February 16, 1906.]

## W. A. CLARK, Respondent, v. ROBERT DALZIEL, Appellant.

CONTRACT FOR SALE OF REAL ESTATE—ACTION BY BROKER FOR COMMISSIONS—SALE BY OWNER—SUPPORT OF VERDICT AND JUDGMENT.— In an action by a broker to recover commissions on the sale of real estate under a contract making the broker the exclusive agent of the owner for ten days, and "thereafter until withdrawn" by the owner "in writing," and providing for payment of the agreed commissions to the broker upon a sale, effected while the contract remains in force, by whomsoever it is made, where it appeared that the contract was never withdrawn, and the sale was made by the owner, and plaintiff recovered judgment, if no question is made as to the sufficiency of the evidence and if there are no tenable errors in law, the verdict and judgment and order denying a new trial are supported, and must be affirmed.

ID.—EVIDENCE—IMPEACHMENT OF PLAINTIFF—FOUNDATION NOT SHOWN. Where evidence sought on cross-examination for the purpose of impeaching the plaintiff by certain statements made by him, in a conversation with defendant, did not tend to impeach him, and no proper foundation was laid for that purpose, the court did not err in excluding the evidence offered.

ID.—INDORSEMENT EXTENDING TIME OF CONTRACT—OPINION OF DEFENDANT IN ABSENCE OF PLAINTIFF—HEARSAY.—Evidence for the defendant, as to a conversation with defendant, out of the presence and hearing of the plaintiff, in which defendant stated what was understood by an indorsement extending the time of the contract, was properly excluded as hearsay as to the opinion of the defendant as to such understanding.

ID.—LEGAL EFFECT OF EXTENSION—TERMINATION OF CONTRACT.—The memorandum extending the time for the contract from the original ten days to another fixed date, did not have the effect of terminating the contract at that time. It remained in effect until withdrawn by the defendant in writing, as expressly provided in the contract; and the extension merely prevented the defendant from terminating it by notice in writing prior to the end of the extended time.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

Edwin L. Forster, and Robert R. Moody, for Appellant.

Chickering & Gregory, and George H. Whipple, for Respondent.

COOPER, J.—This action was tried with a jury, and a verdict returned for plaintiff, upon which judgment was entered. Defendant appeals from the judgment and an order denying his motion for a new trial. No question is raised as to the sufficiency of the evidence to sustain the verdict, nor is any instruction to the jury challenged. The action was brought to recover commissions on the sale of real estate.

On the nineteenth day of August, 1902, the defendant, by an instrument in writing, employed the plaintiff, as his sole and exclusive agent, to sell certain real estate described in the instrument, being in the city and county of San Francisco, for the sum of $125,000, the plaintiff to be paid in the event of a sale being made by himself, or anyone else, while the contract remained in force, one and one-half per cent commission on the selling price. The instrument provided that it should remain in force for the full period of ten days and "thereafter until withdrawn by me in writing." About the twenty-eighth day of October, 1902, the parties met, and the defendant signed a memorandum at the bottom of the contract as follows: "The above contract is extended to November 5th, 1902. I except (accept) the above. R. Dalziel." The property was never withdrawn from sale by defendant in writing or otherwise. It was admitted that the defendant sold the property about the fifteenth day of December, 1902, and it is not questioned that the amount of the verdict is correct, provided the defendant was liable on the instrument for commissions.

The first error assigned is as to the ruling of the court in sustaining an objection made by plaintiff to a question asked of plaintiff by defendant's counsel in cross-examination. The plaintiff and defendant, it appears, had met at Campi's restaurant just after the sale, and defendant then informed the plaintiff of the fact that he had sold the property. Plaintiff was then asked if he did not, in reply to defendant's statement that he had sold the property, say: "Was it my

man?'' Mr. Dalziel replied: ''No.'' You then stated to him, ''Don't be too sure of that. Hold your horses.'' The question was asked in the above form. Appellant claims that the evidence sought was for the purpose of showing some kind of admission that at that time the plaintiff did not claim any commission unless the sale had been made to ''my man,'' meaning a purchaser who had been found by the plaintiff. We do not think the court erred in the ruling complained of. The evidence sought would not have tended to impeach the witness; and even if the question was asked for that purpose, the persons present and circumstances were not sufficiently called to the attention of the witness to lay a foundation for impeachment. There does not appear to be anything said making it incumbent on plaintiff to then and there claim his commissions. In fact, the words: ''Don't be too sure about that; hold your horses,'' would indicate that it was in the nature of a warning to defendant that plaintiff was going to insist on his rights. Not only this, but defendant, as a witness in his own behalf, was allowed, without objection, to give his version of the conversation at Campi's restaurant. His account of it is as follows: ''I said, 'Mr. Clark, I sold the property.' He says, 'Who to?' or something like that. I did not tell him who to. I said: 'The man who purchased— there was no agent between him and I,' and I told him the purchaser got the benefit of the commission. Q. Then you sold it to the purchaser less the commission? A. I did. Q. What reply did you make then? A. He replied: 'I am sorry it was not my man.' ''

Defendant called one Forgie as a witness in his own behalf. Forgie testified that he was present part of the time when plaintiff and defendant met in the office or place of business of one Snow for the purpose of making the indorsement on the instrument extending it to November 5, 1902; that he left Snow's office with defendant to go to the Golden Gate Park. Defendant's counsel then asked Forgie as to whether or not he had a conversation with defendant at the time the two went to the park as to what was understood by plaintiff and defendant by the use of the words, ''The above contract is extended to November 5th, 1902.'' The court properly sustained the plaintiff's objection to the question. It was purely hearsay as to the opinion of defendant as to the understanding of the written extension. If the meaning of

the writing could be explained by parol evidence, it certainly could not be so explained by the opinion of defendant expressed in the absence of plaintiff. There were no such circumstances in the case tending to show an improper motive or recent fabrication as would have justified the evidence for the purpose of corroborating defendant, by showing that he had made consistent statements at other times. It is only in certain peculiar cases, wherein a witness has been charged with improper motives of interest, or improper influences, or with recent fabrication, that the law allows hearsay statements to be introduced for the purpose of showing that the same and consistent statements had been made at a time prior to the fabrication or prior to the time the motive of interest existed. Such evidence is then admitted, not to prove the facts of the case, but, as tending to show that the witness has not been controlled by motives of interest, and that he has not fabricated something for the purposes of the case. The memorandum extending the contract to November 5, 1902, did not have the effect of terminating the contract at that time. It remained in effect until withdrawn by defendant in writing as expressly provided therein. The extension prevented the defendant from terminating it by notice in writing prior to November 5, 1902.

The judgment and order are affirmed.

Harrison, P. J., and Hall, J., concurred.