[Crim. No. 5133. Second Dist., Div. One. Aug. 16, 1954.]

THE PEOPLE, Respondent, v. JACK ADAMS, Appellant.

*Assigned by Chairman of Judicial Council.

Dan O'Neill and Robert P. Dockeray for Appellant.

Edmund G. Brown, Attorney General, and Martin M. Ostrow, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant, Jack Adams, was found guilty of two counts of grand theft, and of two prior felony convictions for which he served time in state prisons. He appeals from the judgment of imprisonment that followed his conviction.

Defendant secured $600 from the complaining witness, to be used to buy an automobile at a probate sale in Riverside County. On his trial he testified that he gave the money to a man by the name of Salzer for that purpose. The complaining witness testified that defendant told him that he had helped put Salzer through law school, and since Salzer was now handling the estate in Riverside he was returning the favor.

But there was no automobile, no probate estate, and no Mr. Salzer. When the complaining witness grew insistent, demanding his money or the car, defendant gave him a check, drawn on a bank in which he had no account. Inquiry was made by police officers at addresses of Mr. Salzer given by defendant, but the man had never been heard of at those places. And the complaining witness never got his money back, or any car.

Defendant contends on appeal that the evidence is insufficient to show a felonious intent to steal at the time he took the money.

This contention cannot be upheld. For it was for the trial court to draw the inference of guilt from the facts in the case. (*People* v. *Newland*, 15 Cal.2d 678 [104 P.2d 778].) It appears from the record that defendant's guilt is logically inferable from those facts. (Code Civ. Proc., § 1870, subd. 15.) Where the circumstances are such as to justify an inference of guilt, the fact that an inference of innocence might likewise be drawn therefrom does not present a question of law for review by an appellate court. (*People* v. *Martinez*, 20 Cal.App. 343 [128 P. 952].)

Defendant relies especially upon *People* v. *Pillsbury*, 59

Cal.App.2d 107 [138 P.2d 320]. That case, however, was quite different. In that case there was no evidence upon which a finding of guilt of grand theft could have been based.

The judgment is affirmed.

Doran, Acting P. J., and Mosk, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.