[Crim. No. 3084. Third Dist. Sept. 22, 1960.]

THE PEOPLE, Respondent, v. WILBUR HORACE STOKES, Appellant.

Frank Sterle, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and C. Michael Gianola, Deputy Attorneys General, for Respondent.

WARNE, J. pro tem.*—The appellant was found guilty by a jury of committing the crime of burglary in the second degree. He has appealed from the judgment entered thereon.

The evidence produced at the trial discloses that a small cottage owned by the Redwood Drive-In Theatre was forcibly entered sometime between 11:30 p.m. on October 3, 1958, and the early hours of October 4, 1958. The entry was made through the back door which had been broken open. Certain clothing and a console phonograph belonging to the estate of James Pernice, deceased, were taken.

At about 4 a.m. on October 4, 1958, Andy Hertz and Brick Brown were sleeping in the former's house trailer. Brown was awakened by the voice of someone who identified himself as "Stokes" and which voice Brown recognized as that of the appellant. The appellant then told Brown that he had a machine that he wanted to leave there and he also asked Brown if he wanted to buy some clothes which he had for sale. Hertz, who was awakened by the conversation between appellant and Brown, asked Brown who it was outside the trailer. Upon overhearing this inquiry, the appellant stated, "Why, this is Stokes." Hertz recognized this voice which was only about 15 feet away as that of the appellant who then said he had something he wanted to leave there. Hertz instructed him not to leave anything. Shortly thereafter, Brown heard some-

---

*Assigned by Chairman of Judicial Council.

one dragging something and placing it up against the trailer. Thereupon Brown looked out of the window of the trailer and saw appellant getting into his maroon-colored car. The car was then heard leaving the yard.

About 5 a.m. Hertz went outside the trailer and saw a phonograph to the right of the trailer's steps which he identified as similar to the one which was taken during the burglary. Hertz contacted the sheriff's office and the phonograph was removed by it.

Appellant entered the Busy Bee Café between 4 and 5 a.m. on October 4, 1958, and informed McMillan, an employee, that someone had placed some clothing in his car. At appellant's request McMillan went with him to his car and inspected the clothing. Some of the clothes were on hangers, with cellophane bags over them. McMillan then suggested to appellant that if he did not know to whom the clothes belonged he could give them to him and he would then turn them over to the sheriff. Appellant rejected this offer and replied: ''I might get in trouble if I give it to him.''

Appellant was arrested the next morning. After questioning, he admitted he had taken the phonograph to Hertz's trailer. He contended, however, that someone had placed it in his car. Appellant, when he was being interrogated, at first denied knowledge of the clothing. He later admitted the clothing had been in his car although he alleged that someone had placed the clothing in the car when he was asleep. He took the officers to an apartment house where he had left the clothing.

Appellant testified on his own behalf. He denied he had ever been in the cottage from which the personal property was taken. He claimed that the articles must have been placed in his car between 2:30 and 5 a.m. when he was in the Busy Bee Café. McMillan testified that appellant was not in the Busy Bee Café between 2:30 a.m. and 4 a.m.

The evidence is sufficient to show that Stokes was in possession of property recently stolen from the premises owned by the Redwood Drive-In Company.

■ ''. . . Possession alone of property stolen in a burglary is not of itself sufficient to sustain the possessor's conviction of that burglary. There must be corroborating evidence of acts, conduct, or declarations of the accused tending to show his guilt. . . . ■ When possession is shown, however, the corroborating evidence may be slight . . . , and the failure to show that possession was honestly obtained is itself

a strong circumstance tending to show the possessor's guilt of the burglary." (*People* v. *Citrino,* 46 Cal.2d 284, 288 [294 P.2d 32].)

And in *People* v. *Kefry,* 166 Cal.App.2d 179, 189 [332 P.2d 848], it is stated:

". . . Thus, it is well settled that possession, coupled with false statements as to the manner in which the property came into a defendant's possession, may be sufficient to sustain a conviction . . . ."

■ Here the appellant claimed that the property had been placed in his car when he was in the Busy Bee Café between 2 a.m. and 5 a.m. There was testimony, as above stated, that Stokes was not in the Busy Bee Café at the time claimed. Appellant told the law enforcement officials that the property had been placed in his car when he was asleep in the front seat. At first he told them that he knew nothing about the property. Later he admitted that the property had been in his possession. These false statements indicate a consciousness of guilt, as did his statement to McMillan that he did not want to turn the property over to the police because he might get in trouble. The jury did not have to believe appellant's story as to the manner in which he obtained the possession of the property, and in fact they were justified in rejecting it. The corroborating evidence is sufficient.

Appellant first contends that the evidence is insufficient to sustain the judgment. This contention cannot be upheld. Here the evidence was sufficient for the jury to draw the inference of guilt.

■ ". . . Where the circumstances are such as to justify an inference of guilt, the fact that an inference of innocence might likewise be drawn therefrom does not present a question of law for review by the appellate court." (*People* v. *Adams,* 127 Cal.App.2d 128, 129 [273 P.2d 318].) See also *People* v. *Swenson,* 127 Cal.App.2d 658 [274 P.2d 229].)

It was for the jury to draw the inference of guilt from the facts of the case. (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778].)

Appellant next contends that the trial court erred in permitting the district attorney to question him as to the nature of previous felony convictions. At the beginning of the prosecution's cross-examination of appellant, the following occurred:

[Mr. AHRBECK] "Q. At any time have you been convicted

of a felony? A. Burglary. THE COURT: What's that? THE WITNESS: Yeh, yeh. MR. AHRBECK: What was the crime for which you were convicted? THE WITNESS: Burglary. Q. How many times have you been convicted before now? A. How many times prior? Q. Yes? THE COURT: Tell him what crimes they were, if any. THE WITNESS: Busted for dope. MR. AHRBECK: For what? THE WITNESS: User. Q. Have you ever been convicted for any theft? A. Yeh, petty theft, another time I was busted for burglary in the day time. Q. Did you steal any money? A. Yeh. Q. Now, when you speak of dope, you are referring to narcotics? A. Yes."

When a defendant testifies he may be impeached by showing prior convictions. The nature of the conviction can be identified but the details are not proper subjects of inquiry. (*People* v. *Braun*, 14 Cal.2d 1 [92 P.2d 402] ; *People* v. *David*, 12 Cal.2d 639 [86 P.2d 811] ; *People* v. *Gregor*, 141 Cal.App. 2d 711 [297 P.2d 734] ; *People* v. *Guiterrez*, 152 Cal.App.2d 115 [312 P.2d 291].) In the instant case the inquiry as to whether the appellant had stolen any money should not have been made. As a consequence, the inquiry, though error, was not prejudicial within the meaning of article VI, section 4½, of the state Constitution since we are of the opinion, after an examination of the entire record, that it is not reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error. (*People* v. *Watson*, 46 Cal.2d 818 [299 P.2d 243].)

Nor do we feel that the trial court's statement instructing the appellant to disclose "what crimes they were, if any," was improper since its only logical reference was to the deputy district attorney's opening inquiry prior thereto requesting a disclosure by the appellant of any prior felony convictions. In fact, the appellant, in response to this statement, promptly admitted that he had previously suffered a conviction for using narcotics.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.